■ LOEW'S THEATRE & REALTY CORPORATION, Plaintiff, v. 105 SECOND AVENUE ENTERPRISES, INC., et al., Defendants. BEBE THEATRICAL CORP. et al., Appellants, and HERMAN KOENIGSBERG, as Receiver, Respondent.— Order, entered on July 5, 1968 and resettled order entered on August 30, 1968, granting respondent-receiver's motion to punish the corporate-appellant for contempt, unanimously reversed, on the law, and motion denied, without costs or disbursements to any party. The original moving papers were factually insufficient to support an adjudication of contempt. The Receiver failed to demonstrate therein that appellants' "failure to obey the prior order * * * 'was calculated to, or actually did, defeat, impair, impede or prejudice the [receiver's] rights or remedies' (Judiciary Law, § 770). Such a declaration or recital is indispensable to an adjudication for contempt [citing cases]". (*Schettini* v. *Schettini,* 22 A D 2d 961, 962.) By his application to resettle, which was improperly made, the Receiver sought to effectuate changes of substance in the original order. The resettled order, unlike the original order, stated that the acts or neglect of the appellants were calculated to and did defeat, prejudice, impair and impede the rights of the Receiver, and provided for the levying of fines upon and commitment of the officers of appellant, Bebe Theatrical Corporation, upon their noncompliance with the prior order of the court. Resettlement may be used to add some recital or provision which was initially omitted from the court's order through inadvertence, but may not be used as a substitute for a new motion or a motion for reargument or renewal or to effectuate changes of substance (*Matter of Bausch,* 281 App. Div. 544). No costs or disbursements are being awarded because of the wholly unsatisfactory nature of the briefs submitted by the parties hereon. Concur — Steuer, J. P., Capozzoli, McGivern and McNally, JJ.