■ In the Matter of Cynthia Rosa, on Behalf of Sandra Strawbridge, Respondent, v Ronald E. Borowski, Appellant. — Appeal from an order of the Family Court of Delaware County (Whiting, Jr., J.), entered October 7, 1983, which found respondent in willful violation of an order of support and committed him to a term of 30 days in the Delaware County Jail. ¶ Pursuant to an order of Family Court dated July 1, 1980, respondent was required to pay his former wife the amount of $30 per week for the support of three issue of the marriage. Respondent failed to make any payments pursuant to said order. After three years of delinquency, his former wife petitioned Family Court to hold him in contempt. At the conclusion of the hearing, Family Court found respondent in willful violation of the 1980 order and directed that he be confined to jail for 30 days to commence immediately. That same day, respondent was released from jail pending his application to this court for a stay

pending determination of this appeal. The stay was granted by this court on the condition that respondent make support payments of $30 per week to the Delaware County Support Collection Unit during the pendency of the appeal. ¶ On this appeal, respondent contends that Family Court improperly failed to advise him of his right to counsel and of the consequences attendant a finding of contempt. The record reveals that respondent was personally served with a summons and petition containing the appropriate warning required by subdivision (b) of section 453 of the Family Court Act and advising him that, in the event he was found guilty of contempt, he could be subject to a term of imprisonment for up to six months. As to his right to counsel, the record establishes that respondent was advised of and waived his right to such. ¶ As a final argument, respondent contends that inadequate evidence was introduced to support a finding that his failure to pay support was willful. Respondent's nonpayment of $10 a week for each of his three daughters for three years was prima facie evidence that his nonpayment was willful (Family Ct Act, § 454, subd 1, par [a]). His excuses would apply to only a minute portion of his obligations, if at all. His financial affidavit indicated that he was earning $300 per week. We find that Family Court did not abuse its discretion. ¶ Since the date that the stay of commitment was granted, respondent has abided by the conditional order of this court by making his weekly payments. Therefore, we see no benefit to his children to be derived by his serving a jail sentence. Accordingly, the Family Court order of commitment is suspended for so long as respondent continues to make his weekly payments (see Family Ct Act, § 455, subd 1). In the event that he does not do so, the order of commitment shall be reinstated upon application to Family Court with notice. ¶ Order modified, on the facts, by suspending the order of commitment upon the condition that respondent continue to make support payments of $10 per week for each child to the Delaware County Support Collection Unit; said order to be reinstated upon application to Family Court with notice upon a failure of respondent to comply with the condition; and, as so modified, affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. ¶ The decision of the court must be based on the evidence before it. The decision, whether written or on the record, should set forth the facts essential to support it (Family Ct Act, § 165; CPLR 4213, subd [b]). To find respondent guilty of a willful failure to obey the order of the court, there must be established the ability to pay (*Matter of Tucker v Tucker*, 41 AD2d 995). Although nonpayment raises the presumption of a willful violation, where, as here, other evidence is presented which contradicts such inference, the court must consider the means and earnings of respondent, petitioner's needs and all other facts and circumstances relevant to the alleged failure of respondent to comply with the court's order. Despite the paucity of the record, respondent did offer an explanation bearing on his ability to pay. Respondent indicated that his business failed and he had been unemployed for a long time and received food stamps; that he had just found work in New York City within the last several months; that he was in such dire financial straits that his home was on the verge of foreclosure because of his inability to pay his mortgage and taxes; that he had had two of his three children living with him and not with petitioner; and that he had supported them totally for the last year and that his third child is now emancipated. ¶ The record does not support a finding of willful contempt of Family Court's order. Respondent did not get an adequate hearing. The issue of his ability to pay was crucial and should have been explored in depth. A valid issue was also raised as to respondent's entitlement to have some of the arrears canceled outright, since he had assumed total responsibility for two of his children for a year. ¶ The order should be reversed and a new hearing ordered.