■ BONITA E. ZELMAN, Appellant, v HARRY H. LIPSIG, Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about June 15, 1991, which resettled a prior order of the trial court dated March 12, 1990, unanimously modified, to strike that part of the resettled order which grants defendant a lien as against plaintiff, and otherwise affirmed, without costs.

In this action for a dissolution of a law partnership, plaintiff argues that the trial court's inclusion of a provision, within its resettled order, allowing defendant a lien for disbursements and work performed upon firm files (concerning clients who elected to continue with plaintiff as attorney), constituted an improper substantive change of the court's prior settled order, dated March 12, 1990. Inasmuch as there was no mention of defendant's right to a lien in either the court's settled order dated March 12, 1990, or its decision dated February 14, 1990 —concerning the winding up of partnership affairs—the insertion of a lien provision in the resettled order amounts to an impermissible substantive change. Resettlement of an order is available only to correct an error or omission as to form or for clarification of existing provisions of an order. *(See, Foley v Roche,* 68 AD2d 558.) Contrary to defendant's claim, there is no evidence in the record that the parties agreed to the lien provision, or that the trial court inadvertantly omitted to add defendant's requested lien provision in either the decision of February 14, 1990 or the settled order of March 12, 1990. *(See generally, Loew's Theatre & Realty Corp. v 105 Second Ave. Enters.,* 31 AD2d 628.)

Plaintiff's further claim that a provision in the settled order prohibiting either party from using the partnership name "Lipsig & Zelman" also effected a substantive change in the original order is without merit. Such provision appears to clarify the March 12, 1990 settled order which directed that Lipsig, after March 23, 1990, remove the name "Lipsig & Zelman" from both the office door and the building directory. To the extent plaintiff argues that this prohibition on use of the partnership name violates DR 2-102 of the Code of Professional Responsibility, such claim is without merit as that

section, in pertinent part, provides that a lawyer may not hold his or herself out as having a partnership with one or more lawyers unless they are in fact partners. Moreover, DR 2-102 of the Code of Professional Responsibility also states that a lawyer shall not practice under a trade name which is misleading as to the identity of the lawyer or lawyers practicing under such name. Here, the partnership has been dissolved. For plaintiff to continue to practice under the name of "Lipsig & Zelman", would be misleading to the public.

Plaintiff's argument that Justice Fingerhood was without jurisdiction to issue the resettled order in light of her recusal in the matter prior to issuance of said order, is without merit. An application to resettle a prior order should be made on notice to the Judge who signed the order unless he or she is for any reason unable to hear it. (See, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:1.) There is no basis in the record to believe that the court could not address this application to resettle in an unbiased matter. Further, contrary to plaintiff's claim, defendant's application for resettlement of trial court's March 12, 1990 order was not required to be brought pursuant to notice of motion or by order to show cause. (See, Foley v Roche, 68 AD2d, supra, at 565.) Here defendant properly brought his application for resettlement. Indeed, defendant timely served his proposed order for resettlement on plaintiff, who, in turn, subsequently submitted, for the court's consideration, two separate proposed orders for resettlement.

We have reviewed plaintiff's additional contentions and find them to be without merit.

The unpublished decision and order of this Court entered herein on December 17, 1991, is hereby recalled and vacated. Concur—Carro, J. P., Rosenberger, Ellerin and Ross, JJ.