equitably estopped from raising the affirmative defense of the Statute of Limitations is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Kehoe, J.—CPLR art 78.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.

■ In the Matter of SUSAN M. KEECH, Respondent, v RICHARD A. BELL, Appellant. [673 NYS2d 622] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of commitment entered following a hearing. The evidence adduced at the hearing, which established that respondent failed to comply with a support order, was prima facie evidence of a willful violation (*see*, Family Ct Act § 454 [3] [a]; *Matter of Rosa v Borowski*, 101 AD2d 668). Respondent testified regarding the circumstances surrounding his failure to comply with the support order. Family Court found that respondent's testimony was incredible. There is no reason to disturb that finding (*see*, *Matter of Tarbell v Tarbell*, 241 AD2d 702; *Matter of Van Demark v Van Demark*, 144 AD2d 862, 863). (Appeal from Order of Jefferson County Family Court, Hunt, J.—Support.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DeNORMAND, Appellant. (Appeal No. 1.) [673 NYS2d 342] —Judgment unanimously affirmed (*see*, *People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, DiTullio, J.—Attempted Sexual Abuse, 1st Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DeNORMAND, Appellant. (Appeal No. 2.) [673 NYS2d 346] —Judgment unanimously affirmed (*see*, *People v Saunders*, 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Erie County Court, DiTullio, J.—Attempted Burglary, 3rd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JONES, Appellant. [673 NYS2d 341] —Judgment unanimously affirmed. Memorandum: The record does not reflect that defendant made a knowing, intelligent and voluntary waiver of his right to appeal (*see*, *People v Callahan*, 80 NY2d 273, 280). We conclude, however, that the sentence imposed upon defendant's violation of probation is neither unduly harsh nor severe. Defendant was 31 years old at the time of the of-