■ In the Matter of JANE ZULLO, Respondent, v GEORGE HOM, Appellant. (Proceeding No. 1.) In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JANE ZULLO, Respondent, v GEORGE HOM, Appellant. (Proceeding No. 2.) [781 NYS2d 677]—

In child support proceedings pursuant to Family Court Act article 4, George Hom appeals from (1) an order of the Family Court, Nassau County (Brennan, J.), dated April 3, 2003, which, inter alia, directed him to pay child support arrears in the amount of $5,000 and continued a prior order dated November 14, 1997, obligating him to pay child support in the amount of $800 per month, (2) an order of the same court (Lawrence, J.), dated July 31, 2003, which committed him to the Nassau County Correctional Facility for a period of six months for his wilful violation of the order dated November 14, 1997, and denied him the opportunity to purge his sentence, (3) an order of the same court (Lawrence, J.), dated November 6, 2003, which denied his motion to stay all proceedings before the Support Magistrate pending a ruling on his motion to disqualify the Support Magistrate, (4) an order of the same court (Lawrence, J.), dated November 10, 2003, which denied his motion, among other things, for leave to reargue his motion, inter alia, to expunge his record of incarceration and to impose a sanction on the attorney for the petitioner Jane Zullo, which was denied in a prior order of the same court dated May 20, 2003, (5) stated portions of an order of the same court (Lawrence, J.), also dated November 10, 2003, which denied those branches of his motion, among other things, which were, in effect, to transfer the matter from the Family Court, Nassau County, to the Supreme Court, Nassau County, and for the recusal of Judge Richard S. Lawrence, and (6) an order of the same court (Lawrence, J.), also dated November 10, 2003, which denied his motion to hold nonparty Hunter Rawlings in contempt of court for failure to comply with a subpoena.

Ordered that the order dated April 3, 2003, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated July 31, 2003, as denied the appellant the opportunity to purge his sentence is dismissed as academic; and it is further,

Ordered that the order dated July 31, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated November 6, 2003, is affirmed; and it is further,

Ordered that the appeal from so much of the first order dated November 10, 2003, as denied that branch of the appellant's motion which was for leave to reargue his motion, among other things, to expunge his record of incarceration and to impose a sanction on the attorney for the petitioner Jane Zullo, which was denied in a prior order of the same court dated May 20, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the first order dated November 10, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the second and third orders dated November 10, 2003, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner Jane Zullo.

The appellant contends that the Family Court erred in adjudicating him in contempt of court and in directing that he be incarcerated for a period of six months. The appellant's contentions are without merit. This issue is not rendered academic by reason of the appellant's subsequent payment of all child support arrears, which resulted in his release (*see Matter of Bickwid v Deutsch*, 87 NY2d 862 [1995]; *Matter of Hold v Hold*, 8 AD3d 279 [2004]). To the extent that *Fiedler v Fiedler* (230 AD2d 822 [1996]) may be construed as holding otherwise, it should not be followed. Specifically, the appellant never challenged the amount of arrears owed or the validity of the underlying child support order, dated November 14, 1997. The appellant's failure to pay child support pursuant to a lawful order constituted prima facie evidence of a wilful violation (*see* Family Ct Act § 454 [3] [a]).

The appeal from so much of the order dated July 31, 2003, as determined that there would be no opportunity for the appellant to purge himself of the contempt must be dismissed as academic in light of the appellant's concession that he was, in fact, released from jail approximately one week after his incarceration, upon full payment of the child support arrears.

The Family Court properly denied that branch of the appellant's motion which was, in effect, to transfer the matter from the Family Court, Nassau County, to the Supreme Court, Nassau County, as such transfers are expressly prohibited (*see* New York Const, art VI, § 19 [h]).

The Family Court properly denied the appellant's motion to adjudicate nonparty Hunter Rawlings in contempt, as there is no evidence in the record establishing that Hunter Rawlings failed to comply with the terms of the Family Court's prior discovery order, from which no appeal was taken.

The order dated November 6, 2003, which denied the appellant's motion to stay all proceedings before the Support Magistrate pending the outcome of a motion to disqualify the Support Magistrate, was signed by a Judge of the Family Court who voluntarily recused himself by order dated April 3, 2003. However, records of the Family Court indicate that the appellant's motion was previously denied, with the appellant in attendance, on

April 4, 2002, well before the Family Court's recusal. While it is unclear as to why the Family Court's ruling was not reduced to writing until November 6, 2003, it cannot be said that the Family Court was without jurisdiction to issue the order (*cf. Zelman v Lipsig,* 178 AD2d 298, 299 [1991]). The appellant's claim that the order of the same court dated April 3, 2003, was invalid for lack of jurisdiction is equally unavailing. Contrary to the appellant's contentions, the fact that the order bears the same date as the Family Court's order of voluntary recusal does not establish that the order was issued without jurisdiction.

The appellant's remaining contentions are without merit. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.