■ In the Matter of STACIA D. HEYN, Respondent, v TIMOTHY T. BURR, Appellant. (And Another Related Proceeding.) [798 NYS2d 744]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Otsego County (Coccoma, J.), entered June 24, 2004, which, in a proceeding pursuant to Family Ct Act article 4, committed respondent to the custody of the Otsego County Sheriff for a period of four months, (2) from an order of said court, entered July 6, 2004, which, in a proceeding pursuant to Family Ct Act article 4, found respondent in willful violation of an order of support, and (3) from an order of said court, entered August 27, 2004, which denied respondent's motion to purge him of his contempt.

By the terms of a July 2001 order of Family Court, respondent was obligated to pay a certain sum to petitioner in support

of the parties' child. After issuance of the order, respondent voluntarily undertook less gainful employment to be closer to his home. Respondent unsuccessfully attempted to have his support obligation lowered on that basis.

After respondent was laid off from his new job, he began collecting unemployment insurance benefits and continued to satisfy his support obligations. However, once those benefits ended, respondent, who remained unemployed, ceased making payments to petitioner and commenced this proceeding seeking to have the child support order modified. Petitioner answered with a cross petition alleging respondent's willful violation of the aforementioned July 2001 order. Following a hearing on both petitions, a Support Magistrate issued a March 2003 order in which he dismissed respondent's application for a downward modification, found respondent in willful violation and recommended a term of incarceration. Respondent filed objections to that part of the Support Magistrate's determination which dismissed respondent's modification petition. The objections were denied by Family Court and, upon appeal, this Court affirmed (6 AD3d 781, 782-783 [2004]).

After disposition of the appeal, Family Court conducted a confirmation hearing concerning the willful violation aspect of the Support Magistrate's March 2003 order. Thereafter, the court issued two orders in which it confirmed the Support Magistrate's willful violation finding and committed respondent to the custody of the Otsego County Sheriff on intermittent weekends for a period of four months. After serving two weekends of his incarceration, respondent moved to purge himself of the commitment order, but said motion was denied by an August 2004 order of Family Court. Respondent now appeals from all three of Family Court's orders.[1]

We turn, as an initial matter, to respondent's claim that petitioner failed to adequately establish his willful violation of Family Court's July 2001 order of support.[2] In order to establish a willful violation, a petitioner must prove that the respondent has not only failed to pay court-ordered support, but also that

---

**1.** Respondent secured a stay of Family Court's commitment order pending resolution of this appeal.

**2.** As we observed, respondent raised no issue with regard to the Support Magistrate's willful violation finding upon his prior appeal (6 AD3d 781, 782 n [2004], *supra*). However, inasmuch as the Support Magistrate's finding and concomitant recommendation of incarceration had no force and effect prior to confirmation by Family Court, respondent's failure to raise the issue on his prior appeal is no bar to our consideration of these issues at this time (*see Matter of Armstrong v Belrose*, 9 AD3d 625, 626 n 2 [2004]; *Matter of Roth v Bowman*, 245 AD2d 521, 522 [1997]; *Matter of Lillian T. v John T.*, 146 Misc

he or she was financially capable of doing so (*see Matter of Powers v Powers*, 86 NY2d 63, 68 [1995]; *Matter of Walsh v Karamitis*, 291 AD2d 749, 750 [2002]). Respondent's concession that he failed to pay support over a period of time constituted " 'prima facie evidence of a willful violation' " (*Matter of Powers v Powers, supra* at 69, quoting Family Ct Act § 454 [3] [a]) and shifted the burden to respondent to offer " 'some competent, credible evidence of his inability to make the required payments' " (*Matter of Snyder v Snyder*, 277 AD2d 734, 734 [2000], quoting *Matter of Powers v Powers, supra* at 70). Although respondent offered some proof at the confirmation hearing that he had unsuccessfully sought employment during the period in question and had no other resources to satisfy his obligations, Family Court expressly found his assertions to be incredible in light of his education, experience and abilities (*see Matter of Sutphin v Dorey*, 233 AD2d 698, 699 [1996]). Affording deference to this credibility assessment (*see Matter of Holscher v Holscher*, 4 AD3d 629, 630 [2004], *lv denied* 3 NY3d 606 [2004]; *Matter of Reed v Reed*, 240 AD2d 951, 952 [1997]), we find no reason to disturb the court's determination (*see Matter of Sapp v Taylor*, 298 AD2d 590, 592 [2002]).

Under the circumstances of the instant case, however, we conclude that the commitment order should be suspended. Respondent has been historically compliant with the terms of the support order (*compare Matter of Bucek v Rogers*, 301 AD2d 973, 974-975 [2003]). Moreover, it is undisputed that respondent was current in all of his support obligations, including arrearages which accrued during the span of his violation, when he moved to purge himself of the commitment order (*see Matter of Russo v Goldbaum*, 215 AD2d 763, 764 [1995]). Although the Support Magistrate made reference to a purge provision in his March 2003 order—prior to confirmation by Family Court—Family Court's subsequent commitment order itself contained no language permitting respondent to purge himself of the contempt. Notably, the purpose of respondent's incarceration was remedial and inured to the benefit of petitioner (*see Davenport v Guardino*, 166 AD2d 349, 350 [1990]; *see generally Hicks v Feiock*, 485 US 624 [1988]). Therefore, under these particular circumstances, we modify the order of commitment by suspending the order on the condition that respondent remain current in his support obligations (*see Matter of Rosa v Borowski*, 101 AD2d 668, 669 [1984]; *see also Matter of Bavisotto v Bavisotto*, 193 AD2d 1121, 1121-1122 [1993]). In the event that re-

2d 1094, 1096-1098 [1990]; *see also* Family Ct Act § 439 [a], as amended by L 2004, ch 336, § 2).

spondent fails to comply with such condition, petitioner may apply to Family Court for revocation of the suspension pursuant to Family Ct Act § 455 (1).

Finally, inasmuch as respondent has essentially been afforded all the relief to which he would have been entitled had his motion to purge been granted, we dismiss respondent's appeal from the August 2004 order as academic (*cf. Matter of Sales v Brozzo*, 3 AD3d 807, 807 [2004], *lv denied* 2 NY3d 706 [2004]; *Matter of Madison County Support Collection Unit v Drennan*, 156 AD2d 883 [1989]; *see also Matter of Zullo v Hom*, 10 AD3d 614, 616 [2004]).

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order entered June 24, 2004 is modified, on the facts, without costs, by suspending enforcement of said order upon the condition that respondent remain current in his support obligation and, as so modified, affirmed. Ordered that the order entered July 6, 2004 is affirmed, without costs. Ordered that the appeal from the order entered August 27, 2004 is dismissed, as academic, without costs.