■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF RENSSELAER COUNTY, on Behalf of JOSEPHINE FARESTA, Respondent, v ANTHONY FARESTA, Appellant. [798 NYS2d 785]—

Crew III, J.P. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered June 19, 2003, which, in a proceeding pursuant to Family Ct Act article 4, inter alia, revoked respondent's suspended sentence of incarceration.

The relevant facts are more fully set forth in this Court's prior decision in this matter (11 AD3d 750 [2004]). Briefly, respondent seeks to vacate a February 1999 order of Family Court which, among other things, found respondent to be in willful violation of a prior order of support and fixed the arrears due to the Rensselaer County Department of Social Services at $6,663. Specifically, respondent contends that he was denied the effective assistance of counsel due to counsel's failure to raise inability to pay as a defense.

When this matter was last before us, we withheld decision and remitted this matter to Family Court for further development of the record. In so doing, we noted that: "The scant record before us . . . fails to establish when the $6,663 in arrears accrued, what income or resources were available to respondent during the period of time such arrears accrued and/or when respondent began receiving public assistance. Without such infor-

mation, it is impossible for this Court to determine whether respondent was in fact indigent during the relevant time period and, therefore, whether he has a viable claim for ineffective assistance of counsel. Absent such proof, as well as evidence of respondent's alleged psychiatric disability, we are unable to ascertain whether Family Ct Act § 413 (1) (g) has any applicability to the matter before us and, further, whether upholding the arrears computed by Family Court and paid by respondent would constitute a grievous injustice" (*id.* at 751). Upon remittal, respondent failed to appear, and the documentary evidence submitted on behalf of the parties falls far short of resolving any of the outstanding issues identified by this Court. Thus, we have no choice but to conclude that respondent, having failed to tender sufficient proof to demonstrate, among other things, an inability to pay, cannot prevail on his claim for ineffective assistance of counsel.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.