■ In the Matter of MARK FREEDMAN, Appellant, v REGAN HORIKE, Respondent. (Proceeding No. 1.) In the Matter of ROBIN M. BABJECK, as Designee for the Columbia County Department of Social Services, on Behalf of REGAN HORIKE, Respondent, v MARK FREEDMAN, Appellant. (Proceeding No. 2.) [809 NYS2d 649]—

Mercure, J.P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered September 15, 2004, which (1) dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 4, for modification of prior support orders, and (2) granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to hold respondent in willful violation of prior support orders.

The parties in proceeding No. 1 are the parents of two children (born in 1989 and 1998). They were divorced in 2002 pursuant to a Supreme Court judgment that incorporated the provisions of two Family Court orders and the terms of the parties' stipulation. As relevant here, the father agreed to pay the

mother $100 per week in maintenance for three years and $171 per week in child support. After the father lost his job in January 2003, the parties stipulated to a reduction of the father's child support obligation to $80 per week, with the balance to accrue until he regained employment or until August 1, 2003, whichever came first.

In November 2003, after his unemployment benefits ran out, the father commenced proceeding No. 1 seeking a downward modification of his support obligation. Petitioner in proceeding No. 2, Robin Babjeck, a support investigator for the Columbia County Department of Social Services, filed a violation petition against the father on behalf of the mother, seeking approximately $2,800 in support arrears. Following a hearing, a support magistrate dismissed the father's petition, found him to be in willful violation of the support orders, directed that judgment be entered against him in the amount of $926 and awarded counsel fees to the mother's attorney. Thereafter, Family Court denied the father's objections to the support magistrate's determination and the father now appeals from Family Court's order.*

Initially, we reject the father's argument that Family Court erred in finding that he willfully violated the prior support orders. The father concedes that he did not meet his support obligations and that, therefore, he bore the burden of demonstrating "his inability to make the required payments" by "competent, credible evidence" (*Matter of Powers v Powers*, 86 NY2d 63, 70 [1995]; *see Matter of Heyn v Burr*, 19 AD3d 896, 898 [2005]). He asserts that he met this burden through evidence that he was unemployed and unable to obtain suitable employment in his field despite diligent efforts. The record reveals, however, that the father's unemployment was self-imposed, inasmuch as he was terminated from his position as a financial advisor due to his violation of rules prohibiting financial service consultants from owning and trading in any outside brokerage accounts. Thereafter, he declined additional opportunities for employment in order to retain his unemployment benefits, which he believed were more lucrative than the

* To the extent that the father appeals from an order and judgment issued by the support magistrate, his appeal must be dismissed (*see Matter of Armstrong v Belrose*, 9 AD3d 625, 626 n 2 [2004]). We note that while the father's objections were pending before Family Court, Supreme Court exercised its concurrent jurisdiction over his request for modification of his maintenance obligation and denied the request, concluding that the father had not established extreme hardship warranting modification. The court declined to take jurisdiction over the child support modification and violation proceedings then pending in Family Court.

potential job offers. In addition, the father had several sources of collateral income, such as stock sales, that provided sufficient funds to meet his support obligations. Under these circumstances and affording deference to Family Court's credibility assessments, we cannot say that Family Court erred in determining that the father willfully violated the support orders (*see Matter of Powers v Powers, supra* at 70; *Matter of Heyn v Burr, supra* at 898; *Matter of Croce v Croce,* 236 AD2d 646, 648 [1997]).

Nor does this evidence demonstrate a substantial change in circumstances such that the father is entitled to a downward modification of child support. A child support obligation is not determined solely by a parent's current financial situation, but by his or her ability to provide support and, in the absence of a good-faith effort to seek reemployment after job loss, modification of the parent's support obligation is unwarranted (*see Matter of Davis v Davis,* 13 AD3d 623, 624 [2004], *lv dismissed* 5 NY3d 746 [2005]; *Matter of Reach v Reach,* 307 AD2d 512, 513-514 [2003]; *Matter of Bouchard v Bouchard,* 263 AD2d 775, 777 [1999]). Finally, we agree with the father that Family Court erred in awarding counsel fees to the mother's attorney. Inasmuch as the mother's petition—as opposed to that filed by Babjeck on the mother's behalf—was dismissed, such fees are unauthorized (*see* Family Ct Act § 454 [3]; Domestic Relations Law § 237 [c]).

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees to the attorney for Regan Horike, and, as so modified, affirmed.