■ In the Matter of MARK FREEDMAN, Appellant, v REGAN HORIKE, Respondent. (Proceeding No. 1.) In the Matter of REGAN HORIKE, Respondent, v MARK FREEDMAN, Appellant. (Proceeding No. 2.) (And Another Related Proceeding.) [815 NYS2d 313]—

Mercure, J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered February 2, 2005, which, inter alia, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 4, for modification of a prior child support order, and (2) from an amended order of said court, entered January 28, 2005, which, inter alia, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of the court.

The underlying facts of this matter are more fully set forth in our prior decision (*Matter of Freedman v Horike*, 26 AD3d 680 [2006]), in which we affirmed the denial of the father's petition for downward modification of his child support obligation and a finding that he willfully violated prior support orders. While the prior petitions were pending before Family Court, the father filed a petition (proceeding No. 1) seeking a reduction of his child support obligation based upon an increase in the mother's income. The mother (proceeding No. 2) and the Columbia County Support Collection Unit (proceeding No. 3) separately filed petitions to find the father in violation of the support provisions of the parties' divorce judgment. After a trial in which the father appeared pro se, a support magistrate granted the mother's motion to dismiss the father's modification petition, determined the total amount of arrears owed by the father to be $15,766.18, and found the father in willful violation of his support obligations.

Following a hearing, Family Court confirmed the decision of the support magistrate and ordered that the father be incarcerated for a period of 90 days. In a separate order, Family Court denied the father's objections to the support magistrate's dismissal of his modification petition. The father now appeals from both orders.

Initially, we agree with the father that the support magistrate erred in failing to consider the mother's income as set forth in her financial disclosure affidavit prior to dismissing his petition for modification of his pro rata child support obligation. The record reveals that the support magistrate had received the parties' compulsory financial disclosure statements (*see* Family Ct Act § 424-a)—including the mother's disclosure of a significant increase of her annual income to $25,000. The support magistrate further calculated the new pro rata percentages to be 57% for the father and 43% for the mother based on those statements,* and the father sought to rely upon the statements in support of his petition for modification. Under these circumstances and in light of the father's pro se status and the mother's repeated consent through counsel to the modification, remittal is necessary for a redetermination of the parties' pro rata share of child support (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5-6 [2002]; *see generally Matter of Mosso v Mosso*, 6 AD3d 827, 828 [2004]). This redetermination should be based upon the father's imputed or actual income (*see Matter of Freed-*

---

* The mother consented to the readjustment calculation, but the father refused to be bound by that calculation in light of his appeal involving issues regarding his imputed income (*see Matter of Freedman v Horike, supra*).

*man v Horike, supra*) and the mother's income as determined at the new trial.

Finally, the father's assertion that counsel was ineffective at his "incarceration hearing" is unpersuasive (*see Matter of Commissioner of Social Servs. of Rensselaer County v Faresta*, 20 AD3d 782, 782-783 [2005]; *see also Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]). The father's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order entered February 2, 2005 is reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision. Ordered that the amended order entered January 28, 2005 is affirmed, without costs.