■ In the Matter of ALYSON KELLY, Respondent, v WILLIAM SCHOONBECK, Appellant. [824 NYS2d 689]—

Carpinello, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered April 27, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of support.

Pursuant to a December 2003 stipulation of the parties, respondent was ordered to pay petitioner approximately $91 in biweekly child support, as well as arrears and weekly day-care expenses. His subsequent failure to pay prompted the instant violation proceeding by petitioner, which was followed by a petition for a downward modification of child support by respondent. Following a trial before a Support Magistrate, respondent was found to be in willful violation of his child support obligation and the modification petition was dismissed. Notably, the Support Magistrate found respondent's testimony concerning the termination of his employment "to have little or no credibility or validity" and further found that he did not search diligently for comparable work. Thereafter, Family Court denied respondent's objections to the Support Magistrate's determination and he now appeals from that order. We affirm.

Family Court properly determined that respondent willfully violated the December 2003 support order. Proof of respondent's failure to pay support constituted "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]) and shifted the burden to him to come forward with competent credible evidence of his inability to do so (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). While respondent claimed that he was unable to meet his support obligations because his income was less than expected, that he was also later terminated from his employment and that he was thereafter unable to find other employment due to a wrist injury, the Support Magistrate expressly found his testimony to lack credibility. According deference to this credibility determination, we find no basis to disturb Family Court's determination (see Matter of Freedman v Horike, 26 AD3d 680, 681-682 [2006]; Matter of Rosato v Rosato, 21 AD3d 418, 418-419 [2005]; Matter of Heyn v Burr, 6 AD3d 781, 782 [2004]).

For similar reasoning, Family Court also correctly determined that respondent failed to meet his burden in seeking a downward modification of child support (see Matter of Boden v Boden, 42 NY2d 210, 212-213 [1977]). In short, he failed to provide

competent evidence demonstrating an unexpected and unreasonable change in circumstances warranting a modification of the prior child support order. While he claimed his employment was terminated and that he was unable to find comparable employment, his evidence was simply not credible on either point (*see Matter of Freedman v Horike, supra*; *Matter of Rosato v Rosato, supra*).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.