In the Matter of CATHERINE HOLBERT, Respondent, v DENNIS RIFANBURG, Appellant. [835 NYS2d 458]—

Carpinello, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered March 29, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in willful violation of a prior order of support.

In 2002, respondent was ordered to pay petitioner $65 in weekly child support. His failure to pay since September 2004 prompted the instant violation proceeding in December 2005. At a subsequent hearing, respondent claimed that he was injured in a work-related accident during the summer of 2004 and that he was unable to find comparable employment upon being released back to work in November 2004. He admitted, however, that he was able to cut and sell firewood during this time period.

A Support Magistrate found respondent to be in willful violation of his child support obligation. The Support Magistrate specifically found that respondent failed to offer a reasonable explanation for his failure to pay and, in particular, found that he failed to make a good faith effort to find work since November 2004. Family Court affirmed the order, prompting this appeal by respondent. We affirm.

Family Court properly determined that respondent willfully violated the prior child support order. Proof of respondent's failure to pay support since September 2004 constituted prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]) and shifted the burden to him to come forward with competent, credible evidence of his inability to do so (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). While respondent claimed that he was unable to meet his support obligation because he was injured in a logging accident during the summer of 2004, we note first that he failed to offer any medical proof to support this claim (*see Matter of Columbia County Support Collection Unit v Demers*, 29 AD3d 1092, 1093 [2006], *lv denied* 7 NY3d 708 [2006]; *Matter of Nickerson v Bellinger*, 258 AD2d 688, 688-689 [1999]). Moreover, while respondent further claimed that he was unable to find other employment when finally released back to work in November 2004, both the Support Magistrate and Family Court found his testimony on this issue to lack credibility. As we accord deference to such credibility determinations, we find no basis to disturb Family Court's determination (*see Matter of Kelly v Schoonbeck*, 34 AD3d 1094, 1095 [2006]; *Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]; *Matter of Sutphin v Dorey*, 233 AD2d 698, 699 [1996]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.