■ In the Matter of St. Lawrence County Department of Social Services, on Behalf of Joanne Petrie, Respondent, v Vincent A. Pratt, Appellant. [843 NYS2d 702]—

Lahtinen, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Potter, J.), entered July 19, 2006, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support order, and (2) from an order of said court, entered July 5, 2007, settling the record on appeal.

In 1990, respondent was ordered to pay $50 per month in child support and, in ensuing years, he repeatedly violated that order. The current proceeding was commenced in October 2005 and the Support Magistrate found a willful violation of the child support order. Family Court confirmed that finding and, as a sanction, sentenced respondent to 180 days in jail, but suspended the sentence for five years upon the condition that he regularly pay his child support obligation as well as make payments toward arrears of $125 biweekly (to increase to $300 per month when child support terminated). Respondent appeals.

Proof of a failure to make required support payments is prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Holbert v Rifanburg, 39 AD3d 902, 903 [2007]; Matter of Bucek v Rogers, 301 AD2d 973, 974 [2003]). It is not disputed that testimony by petitioner's investigator provided

prima facie evidence of a willful violation since she detailed significant arrearages and the receipt of only scant, inconsistent payments. This proof shifted to respondent the burden of coming forward with competent credible evidence of an inability to make the payments (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Kelly v Schoonbeck*, 34 AD3d 1094, 1095 [2006]).

Respondent acknowledged working for a private employer during part of 2005 in a job that paid over $18 per hour for 40 hours a week. He claimed, however, that expenses of the job (including motel costs) left him unable to pay support. He also owned a trash removal business with over 100 customers paying $18.73 each per month (some paying in cash). He asserted no profits were realized from the business during the relevant time. Respondent presented evidence of his financial woes, including electricity being shut off and a tax foreclosure on his residence. Nevertheless, the Support Magistrate noted that respondent spent about the same amount for cigarettes per month as the amount of his monthly (unpaid) child support obligation. The explanations offered by respondent reflected an ongoing unwillingness to give the child support obligation a proper priority, and not an inability to make that payment. The rejection of respondent's excuses and explanations was a credibility determination by the factfinder and, according deference to that determination (*see Matter of Kelly v Schoonbeck*, 34 AD3d at 1095; *Matter of Heyn v Burr*, 19 AD3d 896, 898 [2005]), we are unpersuaded to set aside Family Court's decision.

The remaining arguments are unavailing. Respondent received meaningful representation from his assigned counsel (*see Matter of France v Buck*, 299 AD2d 716, 717 [2002]; *Matter of De Vivo v Burrell*, 101 AD2d 607, 607-608 [1984]). Family Court properly settled the record to include those documents and transcripts that were before it and considered by it when rendering the order from which this appeal was taken, and not to include documents related to other proceedings involving respondent (*see Matter of Dyno v Village of Johnson City*, 255 AD2d 737, 737 [1998]; *Balch v Balch*, 193 AD2d 1080, 1080 [1993]; *see also Smith v Monro Muffler Brake*, 275 AD2d 1028, 1029 [2000], *lv denied* 96 NY2d 710 [2001]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.