■ In the Matter of BROOME COUNTY SUPPORT COLLECTION UNIT, on Behalf of PENNY GERST, Respondent, v BRUCE COREY, Appellant. (And Another Related Proceeding.) [843 NYS2d 704]—

Mercure, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered October 20, 2006, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 4, to hold respondent in violation of a prior support order.

Respondent and Penny Gerst are the parents of a daughter, born in 1989. In February 2005, the parties stipulated that

---

respondent's child support obligation would be $40 per week. In May 2006, petitioner commenced the first of these proceedings, alleging that respondent had failed to pay child support and indicating that the current amount due to Gerst, with arrears, was approximately $4,900. Respondent commenced the second proceeding, requesting a downward modification of support. A Support Magistrate conducted a joint fact-finding hearing on the petitions and, by order of disposition, found respondent to be in willful violation of the prior support order, established arrears in the amount of approximately $5,300, and dismissed respondent's modification petition. Family Court subsequently confirmed the finding of a willful violation and the dismissal of the modification petition. Thereafter, in December 2006, the court directed respondent to pay $10 per week toward arrears in addition to his child support payments, and sentenced respondent to six months in jail. The sentence was suspended, however, on the condition that respondent remain current in the support payments imposed by the parties' stipulation. Respondent now appeals, asserting that Family Court erred in upholding the Support Magistrate's finding of a willful violation of the prior order. We disagree.

The undisputed evidence of respondent's failure to comply with his support obligation established a "direct case of willful violation, shifting to respondent the burden . . . to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *see Matter of Kelly v Schoonbeck*, 34 AD3d 1094, 1095 [2006]). Respondent asserts that he met this burden through his testimony that after his release from a jail term imposed upon a prior finding of a willful violation, he engaged in meaningful efforts to find gainful employment, but was unable to secure a job until approximately two weeks prior to the fact-finding hearing, when he obtained a position with a limousine service. This testimony was countered by Gerst, who explained that respondent has a track record of finding work just before hearings on his support violations, in an attempt to avoid incarceration. Both Family Court and the Support Magistrate further noted that although respondent claims to be indigent, he took the child shopping for her birthday shortly before the hearing. Under these circumstances and according deference to the Support Magistrate's assessment of witness credibility, we conclude that respondent failed to meet his burden of demonstrating his inability to meet his support obligations and, thus, the finding of a willful violation was warranted (*see Matter of Kelly v Schoonbeck*, 34 AD3d at 1095; *Matter of Heyn v Burr*, 19 AD3d 896, 898 [2005]; *Matter of Bouchard v Bouchard*, 263 AD2d 775, 776-777 [1999]).

We similarly reject respondent's arguments regarding the dismissal of his modification petition.* As noted by the Support Magistrate, respondent presented no proof of any mental or physical limitation that would prevent him from earning the $150 weekly salary upon which his support obligation is based. Nor, given his employment history, has he made the required showing of an unexpected and unreasonable change in circumstances that would warrant modification (*see Matter of Kelly v Schoonbeck*, 34 AD3d at 1095-1096; *Matter of Bouchard v Bouchard*, 263 AD2d at 777-778).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Respondent's assertion that Family Court failed to address his objection to the denial of his request for modification is lacking in merit. The court noted that respondent had filed written objections, concluded that he "failed to sustain his burden of proof" on the modification petition, and denied his objections.