■ In the Matter of TERESA SCOTT, Respondent, v MICHAEL A. SCOTT, Appellant. [855 NYS2d 290]—

Lahtinen, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered December 15, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Following a hearing, a Support Magistrate determined in February 2006 that respondent had willfully violated a prior order of child support and recommended that Family Court impose a suspended sentence requiring a payment of $2,800 by respondent on or before June 1, 2006 to avoid being sent to jail. While the issue of whether the Support Magistrate's findings and recommendations should be confirmed in whole or in part was pending before Family Court (*see* Family Ct Act § 439 [a]; 22 NYCRR 205.43 [i]), respondent was seriously injured in a farm accident resulting in extended hospitalization and the necessity

of a small intestine transplant. Family Court thereafter confirmed the finding of a willful violation, but did not impose the recommended sanction or any of the other sanctions authorized upon a finding of a willful violation (see Family Ct Act § 454 [3]). Respondent appeals.

Respondent argues that he was not afforded an opportunity to establish that he did not have the ability to pay. "The undisputed evidence of respondent's failure to comply with his support obligation established a 'direct case of willful violation, shifting to respondent the burden . . . to offer some competent, credible evidence of his inability to make the required payments' " (Matter of Broome County Support Collection Unit v Corey, 44 AD3d 1128, 1129 [2007], quoting Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). At the time of the hearing before the Support Magistrate, respondent stated that he was unable to keep a job because of posttraumatic stress disorder. The Support Magistrate found this explanation unconvincing and held that respondent had failed to make a good faith effort to find and maintain employment. According deference to the Support Magistrate's credibility determinations (see Matter of Yarinsky v Yarinsky, 36 AD3d 1135, 1140 [2007]; Matter of Holscher v Holscher, 4 AD3d 629, 630 [2004], lv denied 3 NY3d 606 [2004]), the record supports the finding of a willful violation (see Matter of Moore v Blank, 8 AD3d 1090, 1091 [2004], lv denied 3 NY3d 606 [2004]). Family Court's decision not to impose a sanction for the willful violation reflects the reality of the tragic events that have befallen respondent since the time of the hearing.

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.