■ In the Matter of BEVERLY J. GROESBECK, Respondent, v ADAM J. GROESBECK, Appellant. [859 NYS2d 763]—Carpinello, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered December 6, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of child support.

At issue is an order of Family Court finding respondent to be in willful violation of a prior order of child support and ordering his incarceration in the event that he did not purge the contempt. The outstanding obligation was paid and respondent was thus never incarcerated. Notwithstanding, respondent, pro se, now appeals.

Having failed to appeal from all prior orders setting forth his child support obligation, respondent's attack on the propriety of those orders in the context of this proceeding is not properly before us (see Family Ct Act § 1113). Moreover, respondent failed to appear at a hearing before the Support Magistrate on the subject violation petition and also failed to appear at the subsequent inquest. Thus, he was properly found to be in default. After further failing to appear on the initial date of the confirmation hearing before Family Court, the hearing was adjourned. On the adjourned date, his newly retained attorney sought to vacate the default, which was denied on the ground that respondent failed to offer any reasonable excuse for his prior failure to appear. To the extent that the instant appeal can be construed as including an appeal from the denial of this motion to vacate, we find that Family Court did not abuse its discretion in denying the motion (see e.g. Matter of Taylor v Staples, 33 AD3d 1089, 1090 [2006], lv dismissed and denied 8 NY3d 830 [2007]).

Cardona, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.