▪ In the Matter of ST. LAWRENCE COUNTY SUPPORT COLLECTION UNIT, on Behalf of JENNIFER M. GOOSHAW, Respondent, v JOHN P. COOK, Appellant. (Proceeding No. 1.) In the Matter of ST. LAWRENCE COUNTY SUPPORT COLLECTION UNIT, on Behalf of SARAH R. PAQUIN, Respondent, v JOHN P. COOK, Appellant. (Proceeding No. 2.) In the Matter of ST. LAWRENCE COUNTY SUPPORT COLLECTION UNIT, on Behalf of CRYSTAL M. MURRAY, Respondent, v JOHN P. COOK, Appellant. (Proceeding No. 3.) [870 NYS2d 531]—

Peters, J.P.

Respondent has fathered five children with three different women. In 1999, respondent was ordered to pay $26.19 per week in child support to Sarah R. Paquin;[1] in 2001, he was ordered to pay $25 per month for child support to Jennifer M. Gooshaw; and, in 2003, he was ordered to pay $25 per month for child support to Crystal M. Murray. Petitioner commenced these three proceedings in April 2007 on behalf of Paquin, Gooshaw and Murray, alleging in each that respondent violated the respective order of support by, among other things, failing to make the required payments. Following separate hearings on the violation petitions, a Support Magistrate found that respondent had willfully violated each of the support orders. Family Court confirmed the findings of willfulness and sentenced respondent to a total of 300 days in jail for violating the three support orders. Respondent now appeals.[2]

We affirm. "Proof of a failure to make required support payments is prima facie evidence of a willful violation" (*Matter of St. Lawrence County Dept. of Social Servs. v Pratt*, 44 AD3d

---

1. Such amount was increased to $31 per week in January 2007.

2. Respondent's petitions seeking downward modification of the support orders in favor of Gooshaw and Murray were dismissed, and he has not appealed in that regard.

1125, 1125 [2007], *lv dismissed and denied* 9 NY3d 1020 [2008] [citations omitted]; *see Matter of Kelly v Schoonbeck*, 34 AD3d 1094, 1095 [2006]). The undisputed proof presented in each of these proceedings, that respondent has failed to make the required child support payments since 2003 and owes significant arrearages, constituted prima facie evidence of a willful violation of the orders. The burden then shifted to respondent to offer "some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 70 [1995]; *see Matter of Holbert v Rifanburg*, 39 AD3d 902, 903 [2007]).

At the hearing on the violation petition commenced on behalf of Gooshaw, respondent attributed his inability to pay to his periodic incarceration and inconsistent employment. Specifically, respondent submitted a financial statement revealing that he earned no income during the previous year, and testified as to his sporadic employment for short periods of time between 2004 and 2007, during which time he received little more than minimum wage and often worked less than full time. He also acknowledged, however, that during such periods of employment, he never once contributed any of his salary towards his child support obligations. "A respondent's failure to pay court-ordered support during a period in which he had sources of income will support a finding that he willfully violated a support order, even when he is currently indigent and unable to make any payments" (*Matter of Department of Social Servs. of Fulton County v Hillock*, 96 AD2d 625, 625 [1983] [citation omitted]; *see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Porcelain v Porcelain*, 143 AD2d 834, 835 [1988]). Further, any financial hardship or loss of employment occasioned by respondent's incarceration resulted solely from his self-imposed wrongful conduct and does not demonstrate an inability to make child support payments (*see Matter of Knights v Knights*, 71 NY2d 865, 866-867 [1988]; *Matter of Freedman v Horike*, 26 AD3d 680, 682 [2006]; *Matter of Winn v Baker*, 2 AD3d 1169, 1170 [2003]). Although respondent also testified that he resided with Gooshaw for unspecified periods of time between 2001 and 2007 during which he supported the children, his testimony in this regard was vague and inconsistent, and Family Court credited the contradictory testimony provided by Gooshaw, a determination which we accord deference (*see Matter of Freedman v Horike*, 26 AD3d at 682; *Matter of Heyn v Burr*, 19 AD3d 896, 898 [2005]). With respondent having failed to produce credible proof of his inability to make the required payments, Family Court properly determined that he willfully violated the support order in favor of Gooshaw.

At the hearings on the petitions filed on behalf of Paquin and Murray, respondent failed to provide any evidence of his inability to make the payments required by the respective child support orders. Consequently, a finding that he willfully violated each of these orders was warranted (*see Matter of Powers v Powers*, 86 NY2d at 69-70).[3]

Finally, we reject respondent's contention that he was denied the effective assistance of counsel. Viewed in its totality, the record reveals that respondent was provided with competent and meaningful representation throughout each of the proceedings, and the claimed deficiencies by counsel are either attributable to legitimate trial tactics or have not been shown to result in actual prejudice to respondent (*see Matter of Kemp v Kemp*, 19 AD3d 748, 751 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Moreau v Sirles*, 268 AD2d 811, 813-814 [2000], *lv denied* 95 NY2d 752 [2000]; *Matter of Dingman v Purdy*, 221 AD2d 817, 818 [1995]).

Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.

---

**3.** To the extent that respondent challenges his obligation to pay the medical and confinement expenses incurred in connection with the birth of his child with Paquin, that obligation was imposed in a prior order from which respondent has not appealed. As such, his attack on the propriety of that order is not properly before us in the context of this proceeding (*see* Family Ct Act § 1113; *Matter of Groesbeck v Groesbeck*, 52 AD3d 903, 903 [2008]).