Matter of Nannan L. v Stephen L. (2021 NY Slip Op 01001)





Matter of Nannan L. v Stephen L.


2021 NY Slip Op 01001


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Docket No. F-05630-11/12B F-05630-11/13C Appeal No. 13119 Case No. 2020-03306 

[*1]In the Matter of Nannan L., Petitioner-Respondent,
v
Stephen L., Respondent-Appellant.
In the Matter of Stephen L., Petitioner-Appellant,
v
Nannan L., Respondent-Respondent


Advocate, LLP, New York (Jason Advocate of counsel), for appellant.
Orrick, Herrington & Sutcliffe, LLP, New York (Rene Kathawala of counsel), for respondent.



Order, Family Court, New York County (Valerie A. Pels, J.), entered on or about February 3, 2020, which, inter alia, denied respondent father's objection to an order of the Support Magistrate, entered on or about November 15, 2019, denying his petition for a downward modification of his child support obligations, unanimously affirmed, without costs.
The father failed to meet his burden to show a substantial change in circumstances warranting a downward modification of his child support obligations as of the time of the filing of the petition (see D'Alesio v D'Alesio, 300 AD2d 340, 341 [2d Dept 2002]; Klapper v Klapper, 204 AD2d 518, 518 [2d Dept 1994]). The finding that the father had the ability to pay the existing order of support and willfully failed to pay it demonstrated the father's failure to carry his burden (compare Matter of Kasun v Peluso, 82 AD3d 769 [2d Dept 2011]).
The Support Magistrate properly imputed income to the father based on cash and in-kind support provided by his family, both prior to and after the filing of the petition (Family Ct Act § 413[1][b][5][iv][D]), including payment for various in-patient drug treatment programs, medical and dental care, and other expenses. The father sold securities gifted to him by his family to purchase real property in his name, then sold that property shortly after the filing of the petition, placing the proceeds in a trust from which he lived for a period of several years, eventually depleting those assets. The father's family also has been paying for him to live rent-free in a two-bedroom apartment on the Upper West Side of Manhattan and gave him a substantial monthly stipend for his personal use (see Matter of Collins v Collins, 241 AD2d 725 [3d Dept 1997], appeal dismissed 91 NY2d 829 [1997]).
The Family Court did not err in failing to conduct a separate hearing on the modification petition (see e.g. Matter of Broome County Support Collection Unit v Corey, 44 AD3d 1128 [3d Dept 2007]). Contrary to the father's argument, at the hearing on the violation petition, the court heard evidence of his financial circumstances from the entry of the order of support through the filing of the modification petition, and up until the date the hearing concluded. The father was aware that in the event the court found that he willfully violated the order of support, it likely would dismiss the downward modification petition and a hearing would be unnecessary. In that connection, the father's counsel confirmed that all relevant evidence relating to the
modification petition had been presented to the court in the context of the violation hearing (compare Matter of Hezi v Hezi, 141 AD3d 587 [2d Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021