Lauber v Lauber (2024 NY Slip Op 03538)

Lauber v Lauber

2024 NY Slip Op 03538

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Index No. 304049/16 Appeal No. 2578 Case No. 2022-00970 

[*1]Esther J. Lauber, Plaintiff-Appellant,
v
Chaim M. Lauber, Defendant-Respondent.

Andrew Citron, New York, for appellant.

Judgment, Supreme Court, New York County (Douglas E. Hoffman, J.), entered December 1, 2021, after a trial, to the extent appealed from as limited by the brief, awarding plaintiff wife monthly basic child support of $250 for the support of the parties' two children, and bringing up for review an order, same court and Justice, entered on or about April 3, 2020, insofar as it ordered defendant husband to pay the wife monthly basic child support in the amount of $250 retroactive to the parties' February 2018 physical separation, unanimously affirmed, without costs.
Pursuant to Domestic Relations Law § 240(1-b) (f), the child support calculation under the CSSA is "presumptively correct," "unless the court finds that the non-custodial parent['s] pro-rata share of the basic child support obligation is unjust or inappropriate" (Michael J.D. v Carolina E.P., 138 AD3d 151, 154 [1st Dept 2016]; see Domestic Relations Law § 240[1-b] [f]). Here, as the statute requires, the court considered the enumerated factors before deviating from the CSSA guideline amount, articulated its reasons for making such deviation, and related its reasons to the statutory factors.
The wife's arguments on appeal are unavailing. She argues the court unfairly drew conclusions about the husband's financial situation, yet does not dispute that, pursuant to an interim agreement entered into in February 2018, she had to provide $25,000 in financial assistance to him to be able to move out of the marital residence. She argues the court should not have taken into consideration that the husband had nearly equal parenting time with her. Although her point has merit (see e.g. Bast v Rossoff, 91 NY2d 723, 730-731 [1998]), the court's observation, read in context, was apparently made to highlight the husband's involvement in the children's lives and to reiterate his less advantageous financial situation, relative to the wife's.
The wife argues the court should not have faulted her for an inability to substantiate the husband's income or deductions from his income, given that she could not do so because of his failure to produce any updated financial information. However, while the court did note the absence of proof in this regard, it also acknowledged that the wife's child support worksheet calculations (and, at least impliedly, the information about the husband's income she used therein) were correct. Nevertheless, it went on to hold that, under the circumstances here, such calculations were only the first step in the inquiry.
The wife faults the court for imputing $15,000/year income to her yet shows no reason for this Court to revisit this determination. The court was modest about what it imputed: minimum wage ($15/hour), for the 20 hours/week that the children were in school, and the wife acknowledges that she did testify as to the children's school schedule. The court was thus mindful of what she might earn without expending child care costs. Nor does she try to challenge the assumptions [*2]that support the court's determination: that she had worked outside of the home in the past and had the capacity to do so again. She also presents no reason to revisit the imputation of additional income to her based on her living situation. She avers there was no "competent evidence" that she lived, as the court surmised, rent-free, but the evidence she proffered supports this conclusion. Specifically, she submitted a net worth statement stating she does not work and has zero income, and testified that she has received no W-2 income at least since 2016, yet her net worth statement also stated that she has maintenance/condo charges of $8,000/month. The court reasonably interpreted this evidence to mean that those housing costs are being paid by someone other than herself (see e.g. Matter of Nannan L. v Stephen L., 191 AD3d 533 [1st Dept 2021]).
We have considered the wife's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024