■ In the Matter of Susan M. Chamberlain, Respondent, v Dennis J. Chamberlain, Appellant. [893 NYS2d 704]—

Stein, J.

The parties are the parents of a daughter (born in 1987), on whose behalf respondent (hereinafter the father) was obligated to pay support to petitioner (hereinafter the mother). In 2006, an order of support fixed arrears at $63,748 and required the father to pay $500 per month towards the arrears. The mother commenced this proceeding in August 2008, alleging that the father was in violation of the 2006 order. After a hearing, the Support Magistrate found the father to be in willful violation of the order and recommended that he be incarcerated for his

noncompliance. In addition, arrears were fixed at $60,248, the father was directed to pay $500 on or before January 15, 2008 in addition to the regular monthly payments already required, and the matter was referred for confirmation. Thereafter, Family Court held a confirmation hearing and, on January 23, 2009, issued a commitment for an intermittent term of incarceration (weekly from Wednesday at 6:00 P.M. to Thursday at 6:00 P.M. for a six-month period or until payment of the sum of $500, whichever occurred first) and confirmed the Support Magistrate's determination of a willful violation. In March 2009, Family Court entered a separate order confirming the Support Magistrate's determination. The father now appeals from both the January and March 2009 orders.

We affirm. Initially, we note that the father was afforded the required hearing prior to Family Court's finding of a willful violation (see Matter of Columbia County Support Collection Unit v Interdonato, 51 AD3d 1167, 1168 [2008]), as well as a confirmation hearing (see Family Ct Act §§ 439, 454). An employee of the support collection unit testified that the last payment received from the father was in December 2007 and that he owed a total of $60,248. In addition, the mother testified that she had not received any payments from the father since she filed her petition in August 2008. Such testimony "constitute[s] prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]), shifting the burden to the father to demonstrate his inability to make the required payments (see Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; Matter of Mitchell v Rockhill, 45 AD3d 1140, 1141 [2007]).

The father testified that he has a limited education, no driver's license, and no home of his own (he lived with his elderly mother, who received Social Security income), and he suffers from social anxiety disorder. He further testified that he had no assets and no job prospects. However, the father admitted that he was not registered with the New York State Employment Service and did not receive disability assistance. Furthermore, although he earns cash doing odd jobs, he spends his earnings on tobacco and food. The father testified that he only made support payments when necessary to avoid incarceration and that such payments were made on his mother's credit card. Indeed, there is no evidence that the father ever made any other attempt, however minimal, to comply with the child support order, even when he had income.* Although not specifically referenced by Family Court, the father testified that, if he was

---

* We also note the absence of any indication in the record of an attempt by the father to modify the underlying support order.

certain that he was the child's father, he would pay. In our view, according due deference to Family Court's findings of fact and credibility determinations (*see Matter of Scott v Scott*, 50 AD3d 1193, 1194 [2008]), the record supports the determination that the father was in willful violation of the support order and we, therefore, decline to disturb it.

Nor do we find any impropriety in Family Court's decision to commit the father to a term of incarceration (*see* Family Ct Act § 454 [3] [a]; *Matter of Broome County Dept. of Social Servs. v Paine*, 35 AD3d 1111, 1112 [2006]). He failed to demonstrate his inability to make his required support payments through competent and credible evidence, and the testimony was sufficient to establish his willful violation of the support order by clear and convincing evidence. Notwithstanding the father's alleged mitigating circumstances, the term of incarceration imposed is well within the court's discretion upon its finding that he willfully failed to obey a lawful support order (*see* Family Ct Act § 454 [3] [a]; *Matter of Armstrong v Belrose*, 9 AD3d 625, 627 [2004]).

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.