◼ In the Matter of SALLY DAVIS-TAYLOR, Respondent, v MARC DAVIS-TAYLOR, Appellant. [911 NYS2d 731]—

---

Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered December 4, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

The parties are the parents of three children (born in 1993, 1996 and 1997). When they divorced in 2002, respondent was directed to pay $850 per week in child support. At that time, respondent owned and operated an ostensibly financially successful investment company and had annual income of approximately $185,000. It is undisputed that starting prior to the divorce and continuing through August 2008, respondent met his child support obligation. With the nationwide financial downfall in 2008, respondent lost his business and, by late 2008, he had been evicted from his offices and he (and his current spouse) had qualified for food stamps. His failure to make child support payments after August 2008 resulted in this violation petition. Respondent cross-petitioned for modification of his child support obligation. Following a hearing, a Support Magistrate dismissed respondent's modification petition, found that he had willfully violated the support order and, among other things, recommended a 30-day jail sentence. Family Court directed entry of a judgment of $85,100 for arrears and, confirming the finding of willfulness, imposed a 90-day suspended jail sentence. Respondent appeals.

Initially, we note that respondent has not appealed from the denial of his modification petition. Moreover, his failure to comply with the support order and the relief granted as a result—including the entry of a money judgment—are not in issue (see Family Ct Act § 454 [2]). The only issue on appeal pertains to the imposition of a suspended jail sentence premised upon a finding that respondent willfully failed to comply with the support order (see Family Ct Act § 454 [3] [a]).

The failure to pay support as ordered provides prima facie proof of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]). "The burden then shift[s] to respondent to rebut the evidence of willfulness by 'offer[ing] some competent, credible evidence of his inability

to make the required payments' " (*Matter of Vickery v Vickery*, 63 AD3d 1220, 1221 [2009], quoting *Matter of Powers v Powers*, 86 NY2d at 69-70). We have previously held that a finding of willfulness, which can result in incarceration, must be supported by clear and convincing evidence (*see Matter of Chamberlain v Chamberlain*, 69 AD3d 1249, 1251 [2010]; *Matter of Sutphin v Dorey*, 233 AD2d 698, 698 [1996]; *cf. Matter of Powers v Powers*, 86 NY2d at 68 [level of proof an open issue]).

Here, respondent had made the required child support payments for over six years and had paid $338,650 toward such obligation during those years.* He presented uncontroverted proof that his business failed during the economic downturn of 2008 and that, thereafter, he pursued numerous job possibilities, but was only able to obtain a commission position that had resulted in very low income. His educational background is a high school graduate, and the area in which he had developed an expertise was particularly hard hit during economic decline that commenced in 2008. He looked for jobs both in his field and in other areas. There was no proof that his loss of income was self-imposed in any fashion. He produced documentary proof that, as of September 2009, his household was receiving food stamps and there was a past due payment amount of over $45,000 on the mortgage on the house where he resided. He owned a 10-year-old vehicle that was inoperable because of needed repairs. There was no evidence that he had other assets or income from any other sources. In light of his fairly lengthy history of consistently making all of his considerable child support payments, which were interrupted at a time when uncontroverted and documentary proof substantiated a significant loss of income, we are unpersuaded that this record establishes by clear and convincing evidence the willful nonpayment of his obligation (*see Matter of Westchester County Commr. of Social Servs. v Perez*, 71 AD3d 906, 907 [2010]; *Matter of Brennan v Burger*, 63 AD3d 922, 923 [2009]; *Matter of Kainth v Kainth*, 36 AD3d 915, 916 [2007], *appeal dismissed* 8 NY3d 1003 [2007]).

Cardona, P.J., Mercure and Garry, JJ., concur.

Stein J. (dissenting). I respectfully dissent. While I would agree that there is evidence in the record which could support the conclusion reached by the majority—that respondent's failure to pay child support was not willful—I would defer to the credibility assessments made, in the first instance, by the Support Magistrate and confirmed by Family Court, in finding to the contrary. Overall, the Support Magistrate found "very little

---

* During that time, he had also paid petitioner a distributive award of $51,000, as well as $500 a week in maintenance for five years.

credible testimony on the part of [respondent]." More specifically, the Support Magistrate found it "very hard . . . to believe" respondent's testimony—with no supporting documentation—that he was working 40 hours a week and had earned only $2,000 all year. The Support Magistrate was also unconvinced that respondent had made a good faith effort to look for work, as evidenced by gaps in time when respondent was unable to demonstrate that he had sought employment. In addition, the Support Magistrate noted, among other things, respondent's lack of contact with his children and the absence of evidence concerning the financial resources of his wife, in whose name the house in which he lived was titled. In confirming the Support Magistrate's finding of willfulness, Family Court "[did] not find the evidence persuasive for over . . . , turning . . . the [Support] Magistrate's belief that [the] violation was willful." In my view, even if a different conclusion would not have been unreasonable, "[s]ince the Support Magistrate heard and observed respondent's testimony, due deference to [his] assessment of respondent's credibility is warranted" (*Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]; *see Matter of Chamberlain v Chamberlain*, 69 AD3d 1249, 1251 [2010]; *Matter of Scott v Scott*, 50 AD3d 1193, 1194 [2008]). Accordingly, I would affirm Family Court's order.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found respondent in willful violation of a prior order of support and imposed a suspended jail sentence, and, as so modified, affirmed.