# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1351**
**CAF 11-00001**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF KRISTINA A. BUSHNELL,
PETITIONER-RESPONDENT,

V                                             MEMORANDUM AND ORDER

MICHAEL S. BUSHNELL, RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

NIXON PEABODY LLP, ROCHESTER (DWIGHT R. COLLIN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Ontario County
(Frederick G. Reed, A.J.), entered November 29, 2010 in a proceeding
pursuant to Family Court Act article 4.  The order, inter alia,
adjudged that respondent had willfully failed to obey a court order.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an order finding that he
willfully violated a prior order of child support and sentencing him
to six months of weekends in jail.  We conclude that Family Court
properly found that respondent willfully violated the prior order of
support (*see Matter of Hunt v Hunt*, 30 AD3d 1065, 1065).  There is a
presumption that a respondent has sufficient means to support his
minor children (*see* Family Ct Act § 437; *Matter of Powers v Powers*, 86
NY2d 63, 68-69; *Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452,
1452), and the evidence that respondent failed to pay support as
ordered constitutes "prima facie evidence of a willful violation" (§
454 [3] [a]).  The burden therefore shifted to respondent to present
"some competent, credible evidence of his inability to make the
required payments" (*Powers*, 86 NY2d at 70).  Respondent claimed that
his business failed in the economic downturn, rendering him unable to
make the required support payments.  After his business deteriorated,
however, respondent did not actively pursue other employment options
(*cf. Matter of Davis-Taylor v Davis-Taylor*, 79 AD3d 1312, 1314; *Matter
of Westchester County Commr. of Social Servs. v Perez*, 71 AD3d 906,
907).  Thus, respondent failed to meet his burden inasmuch as he
failed to introduce "evidence establishing that he made reasonable
efforts to obtain gainful employment to meet his . . . support
obligations" (*Christine L.M.*, 45 AD3d at 1452 [internal quotation
marks omitted]; *see Hunt*, 30 AD3d at 1065).  Additionally, we note
that respondent did not sell his assets to enable him to make support

payments (*cf. Davis-Taylor*, 79 AD3d at 1314; *Westchester County Commr. of Social Servs.*, 71 AD3d at 907).