Memorandum: Respondent appeals from an order finding that he willfully violated a prior order of child support and sentencing him to six months of weekends in jail. We conclude that Family Court properly found that respondent willfully violated the prior order of support (see Matter of Hunt v Hunt, 30 AD3d 1065, 1065 [2006]). There is a presumption that a respondent has sufficient means to support his minor children (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]; Matter of Christine L.M. v Wlodek K., 45 AD3d 1452, 1452 [2007]), and the evidence that respondent failed to pay support as ordered constitutes “prima facie evidence of a willful violation” (§ 454 [3] [a]). The burden therefore shifted to re *1742 spondent to present “some competent, credible evidence of his inability to make the required payments” (Powers, 86 NY2d at 70). Respondent claimed that his business failed in the economic downturn, rendering him unable to make the required support payments. After his business deteriorated, however, respondent did not actively pursue other employment options (cf. Matter of Davis-Taylor v Davis-Taylor, 79 AD3d 1312, 1314 [2010]; Matter of Westchester County Commr. of Social Servs. v Perez, 71 AD3d 906, 907 [2010]). Thus, respondent failed to meet his burden inasmuch as he failed to introduce “evidence establishing that he made reasonable efforts to obtain gainful employment to meet his . . . support obligations” (Christine L.M., 45 AD3d at 1452 [internal quotation marks omitted]; see Hunt, 30 AD3d at 1065). Additionally, we note that respondent did not sell his assets to enable him to make support payments (cf. Davis-Taylor, 79 AD3d at 1314; Westchester County Commr. of Social Servs., 71 AD3d at 907). Present — Centra, J.P., Fahey, Sconiers, Valentino and Martoche, JJ.