Matter of Amanda YY. v Ramon ZZ. (2020 NY Slip Op 02139)





Matter of Amanda YY. v Ramon ZZ.


2020 NY Slip Op 02139


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528171

[*1]In the Matter of Amanda YY., Respondent,
v
Ramon ZZ., Appellant.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Ramon ZZ., Syracuse, appellant pro se.
Jackson Bergman, LLP, Binghamton (Dhyana M. Estephan of counsel), for respondent.



Clark, J.P.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 27, 2018, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Pursuant to a July 2017 order of support, respondent (hereinafter the father) was required — upon a written demand accompanied by relevant bills and receipts — to reimburse petitioner (hereinafter the mother) for 51% of all child care and uninsured health care expenses incurred on behalf of their son (born in 2013). In March 2018, the mother filed a petition alleging that the father had willfully violated the support order by failing to comply with her written demands for reimbursement of the child's day care and uninsured health care costs. Following a hearing, at which the mother was the sole witness, a Support Magistrate determined that the father had willfully violated the support order, awarded the mother counsel fees and directed judgment against the father for arrears. Upon the father's objections, Family Court found that the father had violated the July 2017 support order, but that the violation was not willful. As a result, Family Court denied the mother's request for counsel fees and entered a judgment against the father for arrears. The father appeals, primarily arguing that he could not have violated the support order because the mother did not provide him with written demands for reimbursement in accordance with the support order.
"A showing that a parent has failed to pay child support as ordered establishes a willful violation on a prima facie basis and 'shifts the burden to the parent who owes the support to come forward with competent, credible evidence of his or her inability to pay'" (Matter of Shkaf v Shkaf, 162 AD3d 1152, 1153 [2018] [citations omitted], quoting Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1201 [2017]). The mother's uncontested proof established that she sent the father 12 emails with attached bills and/or receipts for the child's day care and unreimbursed medical expenses, each of which noted the amount owed by the father, and that the expenses nonetheless went unpaid by the father. Contrary to the father's assertion, the mother's emails and attached documentation constituted written demands triggering the father's reimbursement obligations. As the Support Magistrate held, "[t]o construe [the mother's emails] as anything but a demand [for reimbursement] defies logic and common sense."[FN1] Thus, inasmuch as the mother's unrebutted proof established that the father failed to reimburse the mother for the child's day care and uninsured medical expenses, despite written demands for such, we discern no basis upon which to disturb Family Court's finding that the father violated the prior support order (see Matter of Duprey v Klaers, 167 AD3d 1288, 1289 [2018]).[FN2]
The father's remaining arguments are not properly before us, as they are raised for the first time on appeal (see Matter of Porter v D'Adamo, 113 AD3d 908, 910 [2014]; Matter of Ciampi v Sgueglia, 252 AD2d 755, 758 [1998]).
Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In reply to one of the mother's emails, the father even referred to the mother's reimbursement demand as a "request."

Footnote 2: We are inclined to agree with the Support Magistrate that the father's violation of the support order was willful. However, as the mother did not file a notice of cross appeal, the issue of willfulness is not before us (see Matter of Duprey v Klaers, 167 AD3d at 1290 n 1; Matter of Cunningham v Talbot, 152 AD3d 886, 887 [2017]; Matter of Dibble v Valachovic, 141 AD3d 774, 775 n [2016]).