Matter of St. Lawrence County Support Collection Unit v Morrow (2020 NY Slip Op 03432)





Matter of St. Lawrence County Support Collection Unit v Morrow


2020 NY Slip Op 03432


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

526811

[*1]In the Matter of St. Lawrence County Support Collection Unit, on Behalf of Diana L. Morrow, Respondent,
v
Jeremy B. Morrow, Appellant.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
St. Lawrence County Department of Social Services, Canton (David D. Willer of counsel), for respondent.



Lynch, J.P.
Appeal from an order of the Family Court of St. Lawrence County (Richey, J.), entered May 3, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Respondent is the father of three children (born in 2002, 2004 and 2007). Respondent shares joint legal custody of the children with their mother, and the mother has primary physical custody. A January 2017 support order, which was amended in February 2017, directed respondent to pay the mother — through petitioner — $50 a week, with a retroactive effective date of October 28, 2016, and continuing payments commencing on January 23, 2017.[FN1] In April 2017, petitioner filed a petition on behalf of the mother alleging that respondent failed to obey the support order and, as of April 4, 2017, owed the mother $1,100 in arrears. After a hearing, a Support Magistrate found that respondent willfully violated the support order and had arrears of $1,250 and referred the matter to Family Court for confirmation and imposition of punishment for such violation. Family Court confirmed the finding of willfulness and scheduled the matter for disposition. After two adjournments to allow respondent to make payments, respondent failed to appear at a May 2, 2018 compliance conference. Thereafter, Family Court entered an order sentencing respondent to 20 days of incarceration, which was suspended for one year upon the condition that respondent, among other things, comply with the order of support and pay an additional $10 per week towards arrears until all the arrears were paid in full. Respondent appeals.
We affirm.[FN2] Respondent contends that Family Court erred in determining that his violation of the support order was willful. "[P]arents are presumed to have the means to support their children who are under the age of 21, and the failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation" (Matter of Mosher v Woodcock, 160 AD3d 1085, 1086 [2018] [internal quotation marks and citations omitted]; see Family Ct Act §§ 437, 454 [3] [a]). Thereafter, the burden shifts "to the parent who owes the support to come forward with competent, credible evidence of his or her inability to pay" (Matter of Shkaf v Shkaf, 162 AD3d 1152, 1153 [2018] [internal quotation marks and citation omitted]; see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]).
At a hearing on the violation petition before the Support Magistrate, Kimberly Matthews, a senior child support investigator for petitioner, testified that her records reflected that petitioner was in child support arrears of $1,250 as of the date of the hearing, June 23, 2017. Matthews explained that from February 23, 2017 — the date when the support order was mailed — until June 23, 2017, respondent should have paid a total of $800 ($50 each week). However, according to Matthews, petitioner received only a $400 payment from respondent, leaving a balance of $450. The mother also testified that she did not receive any child support payments from respondent for that time period. For his part, respondent did not dispute the payment history presented. He testified that he was a self-employed picture framer and provided documents reflecting his total sales of approximately $4,000 from February to May 2017, but they did not include his expenses. Respondent further testified that he had been looking for a job and applied to at least four jobs from February to May 2017. The evidence of respondent's failure to pay support, as ordered, constituted prima facie evidence of a willful violation, shifting the burden to respondent to present competent evidence of his inability to pay (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Thomas v Sylvester, 95 AD3d 1488, 1489 [2012]). Respondent failed to demonstrate, by credible evidence, his inability to pay (see Matter of Thomas v Sylvester, 95 AD3d at 1488). Therefore, Family Court properly determined that respondent's violation of the support order was willful.
Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In March 2017, respondent filed a petition seeking to modify the order of support due to the birth of another child. That petition was dismissed for failure to show a change in circumstances.

Footnote 2: Initially, we do not find any support in the record for respondent's allegation of procedural irregularities.