Matter of Amanda YY. v Faisal ZZ. (2021 NY Slip Op 06581)





Matter of Amanda YY. v Faisal ZZ.


2021 NY Slip Op 06581


Decided on November 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 24, 2021

531592
[*1]In the Matter of Amanda YY., Petitioner,
v
Faisal ZZ., Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Todd G. Monahan, Schenectady, for appellant.



Colangelo, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered May 29, 2020, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
Petitioner (hereinafter the mother) and respondent (hereafter the father) are the parents of two daughters (born in 2013 and 2016).[FN1] Pursuant to a May 16, 2018 order, the father received a downward modification of his existing child support obligation to $267.81 per week, and an additional $32.19 per week in arrears, to be paid to the mother through the Schenectady County Child Support Collection Unit. In July 2018, the mother filed this violation petition alleging that the father failed to comply with the order. After a hearing, a Support Magistrate found that the father had willfully failed to obey the May 2018 order and referred the findings and determination to Family Court. By order entered in May 2020, Family Court confirmed the willfulness finding and issued an order of commitment that imposed a 30-day jail sentence, which order was suspended on the condition that the father comply with the current order of support. The father appeals.[FN2]
The father initially contends that Family Court's finding that he willfully violated the support order lacks a sound and substantial basis in the record, particularly in light of what he characterizes as his "cogent, reasonable explanation for his inability to make good on child support arrears, well-supported by documentary evidence" and his "reasonable (even extreme) efforts to enhance his income." We disagree. According to statute, parents are presumed to have the means to support their children who are under the age of 21 (see Family Ct Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). The "'failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation'" (Matter of St. Lawrence County Support Collection Unit v Morrow, 184 AD3d 952, 953 [2020], quoting Matter of Mosher v Woodcock, 160 AD3d 1085, 1086 [2018]) and "shifts the burden to the parent who owes the support to come forward with competent, credible evidence of his or her inability to pay" (Matter of Amanda YY. v Ramon ZZ., 182 AD3d 662, 663 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 915 [2020]; see Family Ct Act § 454 [3] [a]; Matter of Patrick v Botsford, 177 AD3d 1146, 1146 [2019]; Matter of Martin v Claesgens, 165 AD3d 1392, 1393 [2018]). "[A] finding of willfulness, which can result in incarceration, must be supported by clear and convincing evidence" (Matter of Davis-Taylor v Davis-Taylor, 79 AD3d 1312, 1314 [2010]).
The testimony from both parties that the father failed to make support payments required by the May 2018 order, the support collection unit report that shows past due child support payments and the mother's financial disclosure affidavit constituted prima facie evidence of a willful [*2]violation. The father was then required to come forward with competent credible evidence of his inability to pay. The father testified that, since 2017, he has been self-employed as the owner/operator and cook for his restaurant. In addition, he testified that he suffers from high blood pressure and diabetes, which medical issues interfere with his ability to work.[FN3] The father testified that he wanted to close his failing business and seek alternative employment, but that his landlord would not release him from his lease. He testified to efforts made to promote the restaurant, such as advertising in a local newspaper and church, and to unsuccessful efforts to procure a loan and a credit card that would have been used to pay child support. He also made efforts, through a realtor and online, to sell the restaurant and use the proceeds to pay child support. He testified that, if he could sell the business, he might try driving a cab or driving for Uber, despite having testified that he tried to get a job driving a truck but could not due to his high blood pressure. He also testified that few employment opportunities are available to him as an unskilled and uneducated worker who came to this country in 1999 from Pakistan seeking asylum. He testified that he might return to Pakistan and run for public office. The Support Magistrate found that that the father's testimony and documents, while purporting to accurately reflect his finances, failed to establish competent and credible proof of his inability to pay, and that the father willfully violated the May 2018 order. Included among the documents submitted were a few pay stubs, handwritten and questionable cash sale receipts and a largely incomplete financial disclosure affidavit. The Support Magistrate also found that the father failed to provide competent proof that he was unable to work by reason of health issues or disability, and failed to adequately explain why he could not look for work as a cook or in restaurant management. According deference to the Support Magistrate's credibility assessment, which Family Court did not disturb, we agree that the father's proof was "clearly inadequate to meet his burden of showing an inability that would defeat the prima facie case of willful violation" (Matter of Martin v Claesgens, 165 AD3d at 1393 [internal quotation marks and citations omitted]; see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1418 [2018]).
We find no merit to the father's contention that Family Court abused its discretion by issuing a 30-day suspended sentence. Upon a finding that a parent has willfully failed to obey any lawful order of support by clear and convincing evidence, the court may commit the parent to a term of incarceration not to exceed six months (see Family Ct Act § 454 [3] [a]). We note that the father does not challenge the duration of the sentence imposed or that the sentence was conditionally suspended. He argues that incarceration as a punishment for failing [*3]to pay child support is an abuse of discretion, since more appropriate alternatives are warranted in light of his employment and "obvious good-faith efforts to both continue paying under his current order and defray arrears, and [his] verifiable explanations for past discrepancies." Notwithstanding the father's alleged mitigating circumstances, the suspended term of incarceration imposed is well within the court's discretion upon its finding that the father willfully failed to obey a lawful support order (see Family Ct Act § 454 [3] [a]; Matter of Chamberlain v Chamberlain, 69 AD3d 1249, 1251 [2010]; Matter of Broome County Dept. of Social Servs. v Paine, 35 AD3d 1111, 1112 [2006]).
The father next argues that Family Court abused its discretion in failing to recuse itself from the instant matter due to its familiarity with contemporaneous custody and neglect matters involving the father and the bias exhibited against him. The father's contention that Family Court exhibited bias against him is unpreserved for our review given his failure to move for that relief or otherwise raise the issue before the court (see Matter of Ellen H. v Joseph H., 193 AD3d 1275, 1276 [2021]) and, in any event, is unsupported by the record (see Matter of James U. v Catalina V., 151 AD3d 1285, 1287 [2017]).[FN4]
Finally, the father contends that Family Court abused its discretion in failing to appoint an English language interpreter for him. The father raised this very argument on the prior appeal, where the record reflected that the father did not request an interpreter and testified that he understood 98 percent of the English spoken in the courtroom, including the questions asked by his counsel and the mother's counsel (Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125, ___, 2021 NY Slip Op 05750, *4-5 [2021]). The father did not request an interpreter before the Support Magistrate or Family Court, nor did he assert new or additional facts as to his inability to understand the same degree of English as he understood in the prior custody proceeding. Under the circumstances, Family Court did not abuse its discretion by failing to sua sponte appoint an English interpreter (see Matter of James U. v Catalina V., 151 AD3d at 1286-1287).
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: As relevant here, this Court recently affirmed an order of Family Court that granted the mother sole legal and primary physical custody of the parties' children and required the father's parenting time to be supervised or in a therapeutic setting (Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125, 2021 NY Slip Op 05750 [2021]).

Footnote 2: The mother has not filed a brief on this appeal.

Footnote 3: The father testified to having high blood pressure at the hearing before the Support Magistrate that resulted in the instant order.

Footnote 4: The hearing in this case was conducted by the Support Magistrate and there are no transcripts in the record of any proceedings that took place before Family Court.