Matter of Wessels v Wessels (2021 NY Slip Op 06739)





Matter of Wessels v Wessels


2021 NY Slip Op 06739


Decided on December 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 2, 2021

532545
[*1]In the Matter of Paula A. Wessels, Appellant,
v
Aaron T. Wessels, Respondent.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Carolyn Snyder Lemmon, Albany, for appellant.
Sandra M. Colatosti, Albany, for respondent.



Egan Jr., J.
Appeal from an order of the Family Court of Albany County (Joyce, J.), entered November 9, 2020, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to, among other things, hold respondent in willful violation of a prior support order.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of one child (born in 2003). As part of a settlement agreement that was incorporated, but not merged, into their 2018 divorce judgment, the father agreed to pay the mother $1,650 a month in child support. The father almost immediately failed to make those payments in full and, in April 2019, an order was issued that denied the father's modification petition, granted the mother's violation petition and directed that the father pay $200 a month in arrears in addition to his support obligation.
The father continued to fail to make the full payments and, in May 2019, the mother filed a violation petition in Family Court. The father thereafter filed a petition to modify his support obligation, which was dismissed. The violation petition then proceeded to a hearing, after which the Support Magistrate found the father to be in willful violation of his support obligation, entered judgment for the mother in the amount of $26,074.91, recommended that the father be jailed for 120 days and referred the matter to Family Court for confirmation. Following a hearing, Family Court issued an order in which it, among other things, determined that the father's failure to pay was not willful, suspended his support obligation under the 2019 order and directed him to file another modification petition. The mother appeals.
We affirm. There is no question that the father failed to make support payments as ordered, which "is prima facie evidence of a willful violation" (Matter of Patrick v Botsford, 177 AD3d 1146, 1146 [2019]; see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Amanda YY. v Ramon ZZ., 182 AD3d 662, 663 [2020], lv denied 35 NY3d 915 [2020]). The burden accordingly shifted to the father "to provide some credible and competent proof of an inability to make the required payments" (Matter of Patrick v Botsford, 177 AD3d at 1146; see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of St. Lawrence County Support Collection Unit v Morrow, 184 AD3d 952, 953 [2020]). As we have previously noted, "a finding of willfulness, which can result in incarceration, must be supported by clear and convincing evidence" (Matter of Davis-Taylor v Davis-Taylor, 79 AD3d 1312, 1314 [2010]).
In attempting to meet his burden, the father testified that his brother was managing car dealerships in Georgia where, in 2017, his brother hired him to fill a specially-created purchasing agent position that paid $125,000 a year. The father was working in that position when he agreed to pay $1,650 a month in child support, but soon [*2]lost it when the owner of the dealerships, who had parted ways with his brother a few months earlier, terminated him. The father testified that similar positions did not exist and that, after an unsuccessful search for work in the automotive sales and service industry that he documented, he restarted the landscaping business that he had previously run in New York.[FN1] Thereafter, the father earned $42,000 a year, which was only modestly below the income that he used to earn in the landscaping business or that he might earn doing similar work for another business. It is also telling that the father did not ignore his support responsibilities after losing the purchasing job, instead attempting on multiple occasions to modify his support obligation, making regular support payments to the mother in a lower amount and borrowing money to cover a few larger payments to her. The father further denied the mother's suggestion that he was doing work outside of his landscaping business and, according deference to the credibility determinations of Family Court, we agree with it that he came forward with competent proof of an inability to pay and that the record does not "establish[] by clear and convincing evidence the willful nonpayment of his obligation" (Matter of Davis-Taylor v Davis-Taylor, 79 AD3d at 1314; see Matter of Merritt v Merritt, 160 AD3d 870, 871-872 [2018]; Matter of Brennan v Burger, 63 AD3d 922, 923 [2009]).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The father explained that the purchasing position involved work that was typically done by used car salespersons and that he was unqualified for sales work, a plausible claim given that his previous work experience was in auto repair and landscaping.