Matter of Farina v Karp (2022 NY Slip Op 06665)

Matter of Farina v Karp

2022 NY Slip Op 06665

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

533750
[*1]In the Matter of Dannita-Jo Farina, Petitioner,
v
Kory H. Karp, Appellant.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Matthew C. Hug, Albany, for appellant.

McShan, J.
Appeals (1) from an order of the Family Court of Schenectady County (Kevin A. Burke, J.), entered June 24, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (2) from an order of said court, entered July 12, 2021, which committed respondent to jail for six months.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2003), who is the subject of a 2013 order that required the father to pay child support. In January 2020, the mother commenced this violation proceeding alleging that the father had failed to meet his child support obligations and owed more than $24,000 in arrears. Following a fact-finding hearing, a Support Magistrate determined that the father willfully violated the 2013 order and recommended a six-month suspended sentence. After the matter proceeded to a confirmation hearing, Family Court determined that the father had failed to establish his inability to meet his child support obligations. Accordingly, by an order entered in June 2021, the court confirmed the willfulness determination and thereafter issued a separate order of commitment imposing the recommended six-month suspended sentence upon the condition that the father resume making his required payments. The father appeals.
The willful failure to pay child support, which can result in a parent's incarceration, "'must be supported by clear and convincing evidence'" (Matter of Amanda YY. v Faisal ZZ., 199 AD3d 1254, 1256 [3d Dept 2021], lv denied 38 NY3d 908 [2022], quoting Matter of Davis-Taylor v Davis-Taylor, 79 AD3d 1312, 1314 [3d Dept 2010]). Here, the father does not dispute that he failed to make the ordered support payments and that his failure "constitute[d] prima facie evidence of a willful violation" (Family Ct Act § 454 [3 [a]; see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Duprey v Klaers, 167 AD3d 1288, 1289 [3d Dept 2018]). Accordingly, the burden shifted to the father "to provide some credible and competent proof of an inability to make the required payments" (Matter of Wessels v Wessels, 200 AD3d 1178, 1179 [3d Dept 2021] [internal quotation marks and citation omitted]; see Matter of Martin v Claesgens, 165 AD3d 1392, 1393 [3d Dept 2018]).
The sum of the father's testimony, along with other evidence, at both the hearing before the Support Magistrate and the subsequent confirmation hearing reveal that, after working in construction for most of his life, he developed back and knee pain that foreclosed continuing in that line of work. Although the father provided medical records substantiating his ailments, we agree with Family Court's determination that those records failed to demonstrate that he was unable to pursue employment in a different field than construction (see Matter of Sayyeau v Nourse, 165 AD3d 1417, 1418 [3d Dept 2018]; Matter of Wilson v LaMountain[*2], 83 AD3d 1154, 1156 [3d Dept 2011]). The father acknowledged that he had not applied for any positions at grocery stores, fast food restaurants, retail and convenience stores or other jobs in the region, offering nothing beyond his own conclusory opinions as to why those positions would not be suitable (see Matter of Dench-Layton v Dench-Layton, 151 AD3d 1199, 1202 [3d Dept 2017]). To this end, while the father testified that his treating physicians had advised him to abide by certain restrictions on the amounts he could lift, we find that the record provides no credible proof that he made any efforts to find a position that could accommodate his limitations (see Matter of Amanda YY. v Faisal ZZ., 199 AD3d at 1257; Matter of Patrick v Botsford, 177 AD3d 1146, 1147 [3d Dept 2019]; Matter of Wilson v LaMountain, 83 AD3d at 1156; Matter of Bukovinsky v Bukovinsky, 299 AD2d 786, 787 [3d Dept 2002], lv dismissed 100 NY2d 534 [2003]; Matter of Sutphin v Dorey, 233 AD2d 698, 699 [3d Dept 1996]). Further, the fact that the father was pursuing Social Security disability benefits does not preclude Family Court from determining that he was able to work in some capacity (see Matter of Dench-Layton v Dench-Layton, 151 AD3d at 1202; Matter of Wilson v LaMountain, 83 AD3d at 1156).[FN1] Altogether, according deference to Family Court's credibility determinations, we find that the record contains clear and convincing evidence of a willful violation of the support order (see Matter of Amanda YY. v Faisal ZZ., 199 AD3d at 1257; see Matter of Patrick v Botsford, 177 AD3d at 1147; Matter of Sayyeau v Nourse, 165 AD3d at 1419).
As to the father's contention that the six-month suspended sentence he received for his willful violation is harsh and excessive, we note that "where, as here, a willful violation of an order of support is found, the determination as to the appropriate sanction lies within . . . Family Court's discretion" (Matter of Sullivan v Kilkenny, 141 AD3d 533, 535 [2d Dept 2016]; see Family Ct Act § 454 [3] [a]; Matter of Columbia County Support Collection Unit v Risley, 27 NY3d 758, 763 [2016]). We have considered the father's mitigating circumstances and find that the sentence imposed was not an improvident exercise of Family Court's discretion (see Matter of Amanda YY. v Faisal ZZ., 199 AD3d at 1256; Matter of Martucci v Nerone, 198 AD3d 654, 655 [2d Dept 2021]; Matter of Sharon B.-D. v Christopher C., 174 AD3d 411, 412 [1st Dept 2019]).
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: Notably, the evidence presented by the father at the confirmation hearing established that he had been denied disability benefits by the Social Security Administration in April 2021 based on a finding that his medical condition "is not severe enough to keep [him] from working" and that he had failed to demonstrate that he suffered from "any conditions of a nature that would prevent [him] from working." At the time of the hearing, the father's appeal of that determination was pending.