Matter of Jobin v Hotaling (2024 NY Slip Op 03210)

Matter of Jobin v Hotaling

2024 NY Slip Op 03210

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-22-2171
[*1]In the Matter of Regan T. Jobin, Respondent,
v
William R. Hotaling, Appellant.

Calendar Date:April 24, 2024

Before:Egan Jr., J.P., Aarons, Lynch, Reynolds Fitzgerald and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Cometti Law Firm, Delmar (Mario David Cometti of counsel), for respondent.

Powers, J.
Appeal from an order of the Family Court of Fulton County (J. Gerald McAuliffe Jr., J.), entered November 18, 2022, which, in a proceeding pursuant to Family Ct Act article 4, revoked respondent's suspended sentence of incarceration.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2003), who are the subjects of a 2007 order that required the father to pay child support. In 2015, the mother commenced a violation proceeding alleging that the father had failed to meet his child support obligations. After a hearing, Family Court found that he had willfully violated the order of support and imposed a 30-day jail sentence, which would be suspended provided that he comply with the support order and "never [be] more than two payments late . . . without making all missed payments up by the next payment due date." In 2022, the mother commenced this violation proceeding alleging that the father had once again failed to meet his support obligations and asked the court to impose the suspended jail sentence. A fact-finding hearing was held, after which Family Court found that the mother had established, by clear and convincing evidence, that the father was in willful violation of the support order. The court imposed the 30-day jail term and issued an order of commitment to that effect. The father appeals.
A parent is presumed to have sufficient means to support his or her child until that child has reached 21 years of age (see Family Court Act § 437; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). "[F]ailure to pay support, as ordered, shall constitute prima facie evidence of a willful violation" (Family Court Act § 454 [3] [a]). Upon a prima facie showing, the burden shifts "to the parent who owes the support to come forward with competent, credible evidence of his or her inability to pay" (Matter of Benson v Sherman, 217 AD3d 1174, 1175 [3d Dept 2023] [internal quotation marks and citations omitted]).
The mother alleged that the father had failed to make the required child support payments and had, by that time, accrued more than $40,000 in arrears. The mother, who was unrepresented, testified that the father is obligated to pay $140.62 in child support weekly, but that he usually pays $560 monthly. According to the mother, this was inadequate because it did not account for months longer than four weeks. The mother generally stated that the father had not made the required child support payments. Upon the close of the mother's proof, the father called a financial investigator from the child support unit of the Fulton County Department of Social Services (hereinafter DSS), who testified that the father resides in Alabama, and that the child support order has been registered in that state and enforcement mechanisms are being utilized. Upon the father's request, Family Court admitted the payment records retained by DSS, which demonstrate that the father failed to pay child support for [*2]three months in 2022, all of 2021, seven months in 2020, and all of 2019, 2018 and 2017.
Although the mother could have been more detailed in her testimony, "[t]here is no question that the father failed to make support payments as ordered, which is prima facie evidence of a willful violation" (Matter of Wessels v Wessels, 200 AD3d 1178, 1179 [3d Dept 2021] [internal quotation marks and citation omitted]). Thus, the burden shifted to the father to demonstrate an inability to pay. However, the proof submitted by the father does nothing but further demonstrate his failure to pay and, as such, was "clearly inadequate to meet his burden of showing an inability to pay that would defeat the prima facie case of willful violation" (Matter of Amanda YY. v Faisal ZZ., 199 AD3d 1254, 1257 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 38 NY3d 908 [2022]; accord Matter of Benson v Sherman, 217 AD3d at 1176). Deferring to Family Court's credibility determinations, the record contains clear and convincing evidence that the father had willfully violated the support order (see Matter of Farina v Karp, 210 AD3d 1335, 1337 [3d Dept 2022]). To the extent the father's generalized argument that this Court should once again suspend the jail sentence may be interpreted as a challenge to the sanction imposed, Family Court did not abuse its discretion in reinstating the 30-day jail sentence (see Matter of Columbia County Support Collection Unit v Risley, 27 NY3d 758, 762 [2016]; Matter of Farina v Karp, 210 AD3d at 1337; Matter of Amanda YY. v Faisal ZZ., 199 AD3d at 1257).
Egan Jr., J.P., Aarons, Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.