Matter of Katlyn D. v Robert C. (2025 NY Slip Op 01142)

Matter of Katlyn D. v Robert C.

2025 NY Slip Op 01142

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CV-23-2091
[*1]In the Matter of Katlyn D., Respondent,
v
Robert C., Appellant.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Michelle I. Rosien, Philmont, for appellant.
Lisa K. Miller, McGraw, for respondent.

Mackey, J.
Appeal from an order of the Family Court of Cortland County (Julie Campbell, J.), entered October 17, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and committed respondent to jail for four months.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 2016 and 2018). Pursuant to an amended separation agreement that was incorporated into their judgment of divorce, the father was obligated to make biweekly child support payments to the mother and to reimburse the mother for 43% of work-related childcare and uninsured health care expenses incurred on behalf of their children. The father also agreed to pay 43% of the children's health insurance premium.
A January 2023 order of Supreme Court adjudged the father to be in contempt for failing to comply with his support obligation. The order placed the father on probation for one year requiring him to, among other things, consistently pay his child support and to reimburse the mother for his share of childcare and uninsured health related expenses within 30 days after receiving proof that the mother had paid them. In March 2023, the mother filed a petition alleging that the father willfully violated the order by failing to pay his share of the children's childcare and unreimbursed dental expenses. After a hearing, a Support Magistrate (Ciccone, S.M.) found that the father had willfully failed to obey the order and recommended a 30-day jail sentence, which would be suspended upon a payment of $2,000 by the father, and granted the mother a money judgment. By order entered in October 2023, Family Court confirmed the willfulness finding and committed the father to the custody of the Cortland County Sheriff on intermittent weekends for a period of four months — setting a purge amount of $2,750.[FN1] The father appeals, and we now affirm.
"The willful failure to pay child support, which can result in a parent's incarceration, must be supported by clear and convincing evidence" (Matter of Farina v Karp, 210 AD3d 1335, 1335 [3d Dept 2022] [internal quotation marks and citations omitted]; see generally Family Ct Act §§ 453; 454). Here, the father does not dispute that he failed to timely pay his share of certain add-on expenses as ordered and that his failure "constitute[d] prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Duprey v Klaers, 167 AD3d 1288, 1289 [3d Dept 2018]). Accordingly, the burden shifted to the father "to provide some credible and competent proof of an inability to make the required payments" (Matter of Wessels v Wessels, 200 AD3d 1178, 1179 [3d Dept 2021] [internal quotation marks and citation omitted]; see Matter of Martin v Claesgens, 165 AD3d 1392, 1393 [3d Dept 2018]). In our view, the father's conclusory and unsubstantiated [*2]assertions regarding his inability to pay were insufficient to meet this burden. To be sure, by his own admission, the father was making a yearly salary of $49,400 working as a manager for a property management company, significantly more than what he was found to be earning in the judgment of divorce. Moreover, although the father produced certain bank records, they were incomplete, as they were limited to the first page of each statement submitted and showed only a few transactions, as well as the beginning and ending balance. However, even this limited production revealed several transactions related to sports betting, calling into question the veracity of the father's assertion that he lacked the funds to pay his support obligations. Deferring to Family Court's credibility determinations, the record contains clear and convincing evidence that the father had willfully violated the order (see Matter of St. Lawrence County Dept. of Social Servs. v Pratt, 44 AD3d 1125, 1126 [3d Dept 2007], lv dismissed & denied 9 NY3d 1020 [2008]; Matter of Nickerson v Bellinger, 258 AD2d 688, 688-689 [3d Dept 1999]; compare Matter of Wessels v Wessels, 200 AD3d at 1179-1180). The father's remaining contentions, to the extent that they are properly before this Court, have been examined and found to be lacking in merit.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The record reflects that the father paid the purge amount on the day he had been ordered to report to jail.