Matter of David ZZ. v Amanda YY. (2025 NY Slip Op 06774)

Matter of David ZZ. v Amanda YY.

2025 NY Slip Op 06774

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-24-1759
[*1]In the Matter of David ZZ., Appellant,
v
Amanda YY., Respondent.

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

Todd G. Monahan, Schenectady, for appellant.
Alexandra G. Verrigni, Rexford, attorney for the children.

Fisher, J.
Appeal from an order of the Family Court of Schenectady County (Michael Basile, Referee), entered August 16, 2024, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2013 and 2016). The underlying facts of this case are familiar to this Court (Matter of David ZZ. v Amanda YY., 214 AD3d 1057 [3d Dept 2023]; Matter of Amanda YY. v Faisal ZZ., 199 AD3d 1254 [3d Dept 2021], lv denied 38 NY3d 908 [2022]; Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125 [3d Dept 2021], lv denied 38 NY3d 908 [2022]). As relevant here, pursuant to a 2019 order, the mother was granted sole legal custody and primary physical custody of the children, with the father having parenting time that was to be either supervised or in a therapeutic setting. Thereafter, the parties could not agree on an individual or provider to supervise the father's parenting time with the children. In March 2022, the father filed a petition seeking to enforce the order permitting him either supervised or therapeutic parenting time with the children on the grounds that the mother was unreasonably refusing to approve any of the supervisors or providers that he had proposed. Following a multiple-day fact-finding hearing, Family Court dismissed the petition, finding that the father had not demonstrated that the mother had violated the order or that the father was otherwise prejudiced by her conduct. The father appeals.[FN1]
We affirm. In order to prevail on a petition seeking to enforce provisions of a custody order, "a proponent must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, [and] that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent" (Matter of Angelica CC. v Ronald DD., 220 AD3d 1064, 1066 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 909 [2024]). Family Court's determination will not be disturbed absent an abuse of discretion (see Matter of Ashley UU. v Ned VV., 235 AD3d 1200, 1203 [3d Dept 2025]).
In his petition, the father alleged that the mother had violated the terms of the custody order since February 2020. During the fact-finding hearing, each party outlined the proposed supervisors or providers that the other had rejected. According to the father, he presented several individuals who were highly qualified and were either a member of his church, a pastor at a local church or someone that was known to him. Some of them required payment upfront, which the father believed meant the parties would split the costs, but claimed that the mother refused to do so and denied his proposals in bad [*2]faith. When asked why he rejected the individuals that the mother proposed, the father testified that each of them were either, or a combination of, the following: a liar, "mentally sick," racist, "fraudulent therapeutic therapists," "evil" or biased just like the mother. In contrast, the mother testified that she declined the individuals proposed by the father because one was located in Utah that the father had never spoken to and would only be able to supervise sessions virtually, one was the father's ex-girlfriend who had no experience with therapeutic visitation, and another had no experience with either supervised or therapeutic visitation. She further testified that, after consulting with one of the children's healthcare providers, therapeutic supervision with a professional and a formal re-introduction between the children and the father would be the most appropriate setting to resume parenting time with him — particularly given the special needs of one of the children, the length of time since the father had last seen the children, and due to the father's prior conduct during his parenting time where he would berate them. The mother further explained that she remained willing to split the costs, and had even proposed another individual that would not charge, but that the father refused to pay and ultimately told her to stop contacting him because he moved to another country in South Asia.
Based on the foregoing, as well as documentary evidence consisting of email exchanges between the parties that were offered at the hearing, Family Court credited the testimony of the mother over the father, determining that her objections to the father's proposed individuals were grounded on legitimate concerns regarding their qualifications or location — particularly in light of her further consideration of the children's needs. To the extent that the father argued that the 2019 order was vague or ambiguous, Family Court reasoned that it contained no specifics regarding frequency or duration of parenting time, but remained fluid based on the circumstances. To this point, the appellate attorney for the children recognized the diligent efforts of the mother in attempting to organize parenting time between the father and the children, highlighting that the mother's process focused on the needs of the children and was founded upon good faith. In evaluating the circumstances developed at the hearing, Family Court found, and we are satisfied that the record supports, that the mother's actions were not intended to defeat, impair, impede or prejudice the father's rights. Indeed, a violation does not arise from a failure of the parties to agree (see Matter of Sandra R. v Matthew R., 189 AD3d 1995, 2000 [3d Dept 2020], lv dismissed & denied 36 NY3d 1077 [2021]; Matter of Miller v Miller, 77 AD3d 1064, 1065 [3d Dept 2010], lv dismissed & denied 16 NY3d 737 [2011]). Accordingly, based on our review of the record and deferring to Family Court's credibility determinations[*3], we perceive no basis to disturb its conclusion that the mother had not violated the 2019 order (see Matter of Abram v Abram, 145 AD3d 1377, 1379 [3d Dept 2016]; see also Matter of Jason VV. v Brittany XX., 230 AD3d 1398, 1402 [3d Dept 2024]). The remaining contentions of the parties have been considered and found to be lacking in merit or rendered academic.
Garry, P.J., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother declined to appear on this appeal.